DIANE LONGUST, Plaintiff-Appellant, v. PEABODY COAL COMPANY, Defendant-Appellee.

Fifth District   No. 5—86—0036

Opinion filed December 19, 1986.

Robert C. Nelson, of Belleville, for appellant.

Thompson & Mitchell, of Belleville (Allan Goodloe, Jr., and William A. Schmitt, of counsel), for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Diane Longust, appeals from a judgment of the circuit court of St. Clair County which dismissed, with prejudice, her fifth amended complaint against defendant, Peabody Coal Company. For the reasons which follow, we reverse and remand.

The events giving rise to this appeal commenced when plaintiff filed an action to recover damages for personal injuries she sustained on August 16, 1981, when an automobile in which she was a passenger collided with the Sugar Creek Bridge in Smithton Township, St. Clair County, while proceeding down Mine Haulage Road. Plaintiff's original complaint named as a defendant only the driver of the automobile, Michael Flake, but in an amended complaint filed April 4, 1983, plaintiff joined as additional parties defendant Smithton Township, the Smithton Road District, the Smithton Township highway commissioner, and Peabody Coal Company. While further amended complaints were subsequently filed by plaintiff, she ultimately settled her claims against all of the defendants except for Peabody Coal.

On May 7, 1985, plaintiff filed a fifth amended complaint, which sought recovery only against Peabody Coal. Count I of that complaint sounded in negligence. Counts II and III alleged wilful and wanton misconduct. Peabody Coal promptly moved to dismiss all three counts on the grounds that they were barred by the applicable statute of limitations, that they failed to state a cause of action, or, in the alternative, that the complaint did not comply with section 2—606 of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—606). By order dated June 13, 1985, the court dismissed counts I and III with prejudice, and on December 30, 1985, it dismissed with prejudice count II. In so doing, it held that no reason existed to delay an appeal. Thereafter, on January 14, 1986, the court issued an order *nunc pro tunc* which modified its order of December 30 to specify that it had considered certain discovery depositions in reaching its decision. From this series of orders, which constituted a final judgment as to all elements of the fifth amended complaint, plaintiff now appeals.

■ The trial court gave no reasons for its judgment, so we do not know why exactly it ruled as it did. If the court agreed with Peabody Coal's argument that the fifth amended complaint was barred by the statute of limitations, it was in error. Peabody Coal does not dispute

that the original pleading against it was timely. Under section 2–616(b) of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2–616(b)), the fifth amended complaint related back to the date of the filing of that original pleading and was therefore timely as well.

Peabody Coal disputes the applicability of section 2–616(b) (Ill. Rev. Stat. 1985, ch. 110, par. 2–616(b)) on the ground that the fifth amended complaint did not grow out of the same transaction or occurrence set up in the original pleading. This argument is specious. The two pleadings both pertain to the accident on Mine Haulage Road in which plaintiff was injured, and both seek to impose liability on Peabody Coal for failure to properly repair the roadway and Sugar Creek Bridge. Peabody Coal protests that the original pleading asserted liability based on its alleged ownership of the bridge and roadway, while the fifth amended complaint asserts liability based on breach of an agreement to repair and bring the bridge and roadway up to county standards. Having viewed the allegations in the two pleadings as a whole, however, we believe that to the extent any real differences exist, they relate at most to the theory of recovery. The addition of new theories of recovery does not prevent relation back of an amendment where, as here, the amendment and the original pleading are premised on the same basic tortious conduct and the same resulting injuries. See *Sommer v. United Savings Life Insurance Co.* (1984), 128 Ill. App. 3d 808, 817-19, 471 N.E.2d 606, 614-15.

■ If the trial court agreed with Peabody Coal's argument that the fifth amended complaint failed to state a cause of action, it was again in error. Counsel for Peabody Coal failed to designate the provision of the Code of Civil Procedure pursuant to which the motion to dismiss was brought, as should have been done. The motion speaks of failure to state a cause of action, a matter properly raised under section 2–615 (Ill. Rev. Stat. 1985, ch. 110, par. 2–615). A section 2–615 motion admits all well-pleaded facts and attacks only the legal sufficiency of the complaint. (See *Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 878, 489 N.E.2d 311, 313.) Peabody Coal, however, apparently does not dispute on appeal that plaintiff's allegations, if true, would state a valid cause of action. Rather, it contests the truth of plaintiff's allegation that it "undertook by written and/or oral agreement(s) to repair and bring to County standards" the bridge and approaching roadway where plaintiff was injured.

To support its contention, Peabody Coal cites, and the trial court relied upon, the discovery depositions noted in the circuit court's *nunc pro tunc* order of January 14. Peabody Coal asserts, and the trial

court apparently believed, that consideration of these matters was proper under section 2—619(a)(9) of our Code of Civil Procedure, which provides that a defendant may move for dismissal on the grounds that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).) In our view, reliance on this provision is misplaced.

■ "Affirmative matter" within the meaning of section 2—619(a)(9) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) is something in the nature of a defense that negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. It must, however, be something more than evidence offered to refute a well-pleaded fact in the complaint, for, as in the case of a motion under section 2—615 (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), such well-pleaded facts must be taken as true for the purposes of a motion to dismiss under section 2—619(a)(9) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)). (See *Island Lake Water Co. v. La Salle Development Corp.* (1986), 143 Ill. App. 3d 310, 319, 493 N.E.2d 44, 50.) In this case, that "something more" is absent. All Peabody Coal has attempted to do through its motion is negate the factual allegation which sets forth the basis upon which Peabody Coal is allegedly liable. In other words, it has simply offered a contrary version of the legal relationship between the parties. Under these circumstances, consideration of the discovery depositions was improper, and dismissal of plaintiff's complaint based on section 2—619(a)(9) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) cannot stand. If Peabody Coal believed that the evidence would show no genuine issue of material fact and that it was entitled to judgment as a matter of law, what it should have filed is a motion for summary judgment. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) A section 2—619(a)(9) motion may not be employed as a substitute for a motion for summary judgment.

■ The only other basis suggested to support the trial court's judgment is the argument made in Peabody Coal's motion to dismiss that plaintiff failed to comply with section 2—606 of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—606). That provision provides, in part, that if "a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein." As previously noted, plaintiff's fifth amended complaint is premised upon the existence of an agreement pursuant to which Pea-

758

body Coal undertook to repair and bring to county standards the bridge and/or approaching roadway where plaintiff was injured, but the complaint indicates that any such agreement may have been oral and not written. We therefore believe that section 2—606 is, by its terms, inapplicable.

■ A circuit court's judgment dismissing a complaint with prejudice may be sustained on any basis found in the record. (See *Goldberg v. Goldberg* (1981), 103 Ill. App. 3d 584, 587, 431 N.E.2d 1060, 1062.) For the foregoing reasons, we must conclude that no proper basis for dismissal exists here. Accordingly, the judgment of the circuit court of St. Clair County is reversed, and plaintiff's cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

KARNS, P.J., and KASSERMAN, J., concur.