DAVID L. BROWN, Plaintiff-Appellant, v. TOM MORRISON *et al.*, Defendants-Appellees.

Fifth District   No. 5—88—0556

Opinion filed August 14, 1989.

David L. Brown, of Menard, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE HARRISON delivered the opinion of the court:

On July 1, 1988, plaintiff, David L. Brown, an inmate at Menard Correctional Center, filed a *pro se* petition seeking a writ of *mandamus* directing defendants to vacate an adverse finding and sanctions imposed as a result of disciplinary proceedings taken against him. He also prayed that three defendants be discharged and sought damages from all defendants. Defendants include two correctional officers, three members of the disciplinary committee, a hearing officer and the warden of the Menard facility.

On August 10, 1988, defendants moved to dismiss plaintiff's petition for failure to state a cause of action or entitlement to relief. The motion was supported by plaintiff's written admissions, the correctional officers' reports, the hearing officer's report and the committee's summary report. Plaintiff filed a response to defendant's motion and a supporting memorandum of law. On September 2, 1988, the circuit court dismissed plaintiff's petition. The sole issue on appeal is

whether the circuit court properly dismissed plaintiff's petition for a writ of *mandamus*. We reverse and remand.

■ In this case, defendants failed to designate the provision of the Code of Civil Procedure pursuant to which their motion to dismiss was brought, as should have been done. The motion speaks of failure to state a cause of action, a matter properly raised under section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). A section 2—615 motion admits all well-pleaded facts and attacks only the legal sufficiency of the complaint. (*Longust v. Peabody Coal Co.* (1986), 151 Ill. App. 3d 754, 756, 502 N.E.2d 1096, 1097.) The thrust of the defendants' argument here, however, was not that the allegations in plaintiff's petition were facially insufficient to state a valid cause of action, but that the facts underlying plaintiff's petition were such that plaintiff could not ultimately prove a right to issuance of a writ of *mandamus*. That is why they submitted the various documents referred to above.

These documents were clearly taken into account by the trial court in reaching its decision. There can be no dispute that consideration of the documents would be improper under section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The only other possible explanation for the court's action was that it believed that defendants meant to proceed under section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)), which provides that a defendant may move for dismissal on the grounds that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." If the trial court based its decision on this provision, it was again in error.

■ "Affirmative matter" within the meaning of section 2—619(a)(9) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)) is something in the nature of a defense that negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. It must, however, be something more than evidence offered to refute a well-pleaded fact in the complaint, for, as in the case of a motion under section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), such well-pleaded facts must be taken as true for the purposes of a motion to dismiss under section 2—619(a)(9) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)). (*Longust v. Peabody Coal Co.* (1986), 151 Ill. App. 3d 754, 757, 502 N.E.2d 1096, 1098.) In this case, that "something more" is absent. All the defendants have attempted to do through their motion is negate the factual basis upon which plaintiff has premised his request for issuance of a writ of *mandamus*. We note, moreover, that the evidence submitted by defendants

in support of their challenge to the facts alleged in plaintiff's petition fails to comport with the requirements of Supreme Court Rule 191(a) (107 Ill. 2d R. 191(a)). No affidavits were adduced, and the documents attached to defendants' motion were neither sworn nor certified.

If defendants believed that there was no genuine issue as to any material fact underlying this dispute and that they were entitled to judgment as a matter of law, what they should have done is brought a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005). (*Longust v. Peabody Coal Co.* (1986), 151 Ill. App. 3d 754, 757, 502 N.E.2d 1096, 1098.) They did not do so, and they make no claim on appeal that their motion to dismiss was or should now be considered as the functional equivalent of a motion for summary judgment. There is nothing in the record to suggest that they have ever urged that their motion should be construed as anything other than a motion to dismiss directed toward the sufficiency of plaintiff's pleadings. As so construed, the motion was improper for the reasons set forth above and should not have been granted.

Although plaintiff filed a verified reply to defendants' motion which itself included attached exhibits, he did object to the form of the documents submitted by defendants in support of their motion, and the record indicates that he basically understood defendants' motion to be directed toward the facial sufficiency of his petition, not the ultimate truth or falsity of the facts underlying his claim. As it turns out, he was wrong, but in view of the motion practice followed here, such confusion is hardly surprising. This is the very type of problem which the Code of Civil Procedure and the rules of our supreme court were designed to prevent, and we do not believe that defendants' lack of precision should now be permitted to operate to plaintiff's prejudice.

Accordingly, the order of the circuit court of Randolph County granting defendants' motion to dismiss and dismissing plaintiff's cause is reversed, and this cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

WELCH, P.J., and CHAPMAN, J., concur.