No. 2--95--1603                              

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

O'HARE TRUCK SERVICE, INC.,   )  Appeal from the Circuit Court

                              )  of Du Page County.

     Plaintiff-Appellant,     )  

                              )         

                              )    

v.                            )                   

                              )  No. 95--L--1155

ILLINOIS STATE POLICE and     )    

CAPTAIN RICK L. ROKUSEK,      )

District 2 Commander,         )  Honorable

                              )  Edward R. Duncan, Jr., 

     Defendants-Appellees.    )  Judge, Presiding. 

_________________________________________________________________

     JUSTICE COLWELL delivered the opinion of the court:

     Plaintiff, O'Hare Truck Service, Inc. (O'Hare), filed a two-

count complaint against the defendants, Illinois State Police (ISP)

and Captain Rick L. Rokusek, seeking monetary damages and

injunctive relief from its removal from the district 2 tow list. 

The complaint alleged that O'Hare was removed from the tow list

without due process of law in violation of the Illinois

Constitution and the fourteenth amendment to the United States

Constitution.  The defendants filed a motion to dismiss, alleging

that O'Hare's complaint failed to state a cause of action.  The

circuit court granted the defendants' motion, finding that O'Hare's

placement on the tow list did not involve a property right as

required to state an action for due process of law.  O'Hare

appeals.  We affirm.

     The facts are taken from O'Hare's complaint.  The Illinois

State Police have maintained a list of towing companies from which

they request services to tow abandoned and damaged vehicles from

the Illinois highways.  Defendant Captain Rokusek is the commander

of district 2, and O'Hare had a position on the district 2 tow list

from February 1993 to August 16, 1994.

     On August 16, 1994, O'Hare received notice from the ISP that

it had violated several rules concerning its placement on the tow

list.  Pursuant to district 2's policy governing the list, O'Hare

requested a hearing regarding the alleged rule violations.  This

hearing occurred on October 11, 1994.  On November 16, 1994,

Rokusek issued a decision suspending O'Hare from the tow list for

90 days.  According to the letter, O'Hare would be reinstated after

90 days if it met all the requirements stated in the letter to

Rokusek's satisfaction.  On March 1, 1995, the 90-day suspension

period ended, and O'Hare sought reinstatement on the tow list. 

Rokusek, however, refused to reinstate O'Hare on the list. 

     On June 15, 1995, O'Hare filed a complaint alleging that its

rights to due process of law under the Illinois Constitution and

United States Constitution had been violated by being permanently

removed from the tow list without notice or a hearing.  A first

amended complaint was filed on September 6, 1995, and the

defendants' motion to dismiss was filed on September 19, 1995.

     On November 15, 1995, the circuit court heard arguments

regarding the defendants' motion to dismiss.  The court stated that

the question before it was whether O'Hare had showed "a sufficient

property interest in being reinstated on [the] list to provide [it]

with the opportunity under the due process concept and Section 1983

to bring the action."  The court noted that the November 16, 1994,

letter from Rokusek stated that O'Hare would have to meet the

requirements to Rokusek's satisfaction before he would reinstate

O'Hare.  The court added that the tow list regulations that the

defendants attached to their reply memorandum did not list any

specific regulatory system for reinstatement to the tow list. 

Accordingly, the court reasoned that reinstatement was at the sole

discretion of Rokusek, the  district commander.  The court

concluded, therefore, that the regulatory system did not award

O'Hare a claimed right to be placed back on the tow list.  As a

result, the court found that a property right did not exist and

dismissed O'Hare's complaint for failure to state a cause of

action.

     On appeal, O'Hare contends that the court erred in granting

the defendants' motion to dismiss because (1) it improperly

considered and relied upon the tow list regulation documents

attached to the defendants' reply memorandum; and (2) the complaint

alleges that O'Hare's position on the tow list is a property right

that was denied without due process of law. 

     We note that the defendants erroneously contend that sovereign

immunity bars O'Hare's suit in the circuit court.  The law is

firmly established that "a suit by private parties seeking to

impose a liability which must be paid from public funds in the

state treasury is barred by the Eleventh Amendment."  Edelman v.

Jordan, 415 U.S. 651, 663, 39 L. Ed. 2d 662, 673, 94 S. Ct. 1347,

1356 (1974).  Moreover, if a suit is nominally against a state

official in his official capacity, but the state is the real party

in interest, then a suit against a state official that is in fact

a suit against a state is barred regardless of whether it seeks

damages or injunctive relief.  Pennhurst State School & Hospital v.

Halderman, 465 U.S. 89, 101-02, 79 L. Ed. 2d 67, 79, 104 S. Ct.

900, 908-09 (1984).  However, the Court has recognized an exception

to this rule, and if a suit challenges the constitutionality of a

state official's action, the suit is not one against the State. 

Halderman, 465 U.S. at 102, 79 L. Ed. 2d at 79-80, 104 S. Ct. at

909.

     In this case, O'Hare's complaint states a action against the

ISP and Captain Rokusek, individually and in his official capacity. 

The complaint alleges that the ISP and Rokusek acted

unconstitutionally in removing O'Hare permanently from the district

2 tow list.  Consequently, the constitutionality of a state

official's action is alleged, which meets the exception to the

general rule barring suit against the state.  

     Additionally, the defendants argue that O'Hare's claim is

barred because monetary claims are clearly barred by the eleventh

amendment to the United States Constitution (U.S. Const., amend.

XI).  While this assertion of the law is true, O'Hare's complaint

requests monetary damages and an injunction.  Moreover, in its

brief, O'Hare states that it seeks money damages from Rokusek in

his individual capacity and does not seek money damages from the

State.  Indeed, O'Hare's brief is clear that it only seeks

injunctive relief from the State.  Consequently, because O'Hare

only seeks monetary damages from Rokusek in his individual

capacity, its suit for monetary damages is not barred by the

eleventh amendment.

     We now turn to whether the circuit court should have

considered the ISP's towing list policy that was attached to the

reply memorandum to the defendants' motion to dismiss.  O'Hare

contends that the court should not have considered the towing

policy in its decision because the regulations were presented

solely for the purpose of refuting factual allegations contained in

O'Hare's complaint.  We disagree.  

     A motion to dismiss under section 2--619 of the Code of Civil

Procedure (Code) admits all well-pleaded facts.  735 ILCS 5/2--619

(West 1992); Geick v. Kay, 236 Ill. App. 3d 868, 874 (1992).  The

purpose of a section 2--619 motion is to provide a mechanism to

dispose of issues of law or easily proved issues of fact, and the

cause of action should not be dismissed on the pleadings unless it

is clearly apparent that no set of facts can be proved which will

entitle a plaintiff to recover.  Meerbrey v. Marshall Field & Co.,

139 Ill. 2d 455, 473 (1990).  While appellate review of the

dismissal of a complaint pursuant to a 2--619 motion is limited to

a consideration of the legal questions presented by the pleadings,

our review is independent and we need not defer to the trial

court's reasoning.  Miranda v. Jewel Cos., 192 Ill. App. 3d 586,

588 (1989).

     Under section 2--619(a)(9) of the Code, an action may be

dismissed on the ground that a claim asserted is barred by other

affirmative matter avoiding the legal effect or defeating the

claim.  735 ILCS 5/2--619(a)(9) (West 1992).  "Affirmative matter"

includes something in the nature of a defense that completely

negates the alleged cause of action.  Geick, 236 Ill. App. 3d at

874.  Indeed, although affirmative matter does not include

" 'evidence offered to refute a well-pleaded fact stated in the

complaint,' " it does include something that " 'refutes crucial

conclusions of law or conclusions of material fact unsupported by

allegations of specific fact contained in or inferred from the

complaint.' "  Perkaus v. Chicago Catholic High School Athletic

League, 140 Ill. App. 3d 127, 134-35 (1986), quoting Austin View

Civic Ass'n v. City of Palos Heights, 85 Ill.  App. 3d 89, 93-94

(1980).

     We find that the ISP towing list policy was affirmative matter

that the trial court could have used when determining whether to

grant the defendants' motion to dismiss.  Certainly, the policy

refuted O'Hare's conclusional allegations in paragraphs 9, 16, and

17 of its complaint regarding what procedures the policy itself

requires for removing a tow truck company from the list. 

Accordingly, the policy does more than offer a contrary version of

the legal relationship between the two parties.  See Longust v.

Peabody Coal Co., 151 Ill. App. 3d 754, 757 (1986) (discovery

depositions not affirmative matter for purpose of 2--619 motion

because the depositions merely negated the allegation that set

forth the basis upon which the defendant was allegedly liable). 

Here, O'Hare has alleged its entire claim by drawing certain

conclusions from the ISP policy.  Thus, the court properly

considered the policy because the documents could have refuted the

critical conclusions of material fact in O'Hare's complaint that

were not supported by specific facts.  See Palmisano v. Connell,

179 Ill. App. 3d 1089, 1097 (1989).     

     O'Hare also argues that the documents were improper because an

affidavit was not attached in violation of Supreme Court Rule

191(a) (145 Ill. 2d R. 191(a)).  Generally, a section 2--619 motion

to dismiss must be supported by an affidavit.  In Re Marriage of

Hoppe, 220 Ill. App. 3d 271, 284 (1991).  However, where a 2--619

motion is made on grounds appearing on the face of the pleading

attacked, the motion need not be supported by an affidavit.  Geick,

236 Ill. App. 3d at 874.  

     We initially note that O'Hare did not contest the contents of

the policy at the motion to dismiss hearing.  Indeed, O'Hare did

not, and does not now, allege that the policy attached is

incomplete or that the copy attached to the motion to dismiss is

incorrect.  Instead, O'Hare merely states that it should not have

been admitted as affirmative matter because the documents were

"unsworn" and "uncertified."  Consequently, O'Hare has stipulated

that the policy the ISP attached to its motion to dismiss is the

same policy upon which it has based its allegations.  Therefore, in

essence, O'Hare contends that the only reason the trial court

should not have considered the policy is because an affidavit was

not attached to it.  We find this contention to be without merit. 

     In Geick, the plaintiff's complaint alleged that the

defendant, acting individually and as the president of the board of

trustees of the Village of Lake Zurich, committed libel, conducted

tortious interference with  prospective  economic  advantage, and 

invaded the plaintiff's privacy.  Specifically, the plaintiff

alleged that the defendant had exposed aspects of his sexual

harassment case to the public and that the defendant improperly

revealed details of a separation agreement he had signed in

accordance with his resignation from the position of village

administrator.  The defendant attached copies of the Lake Zurich

village code and documents from the sexual harassment suit to his

motion to dismiss as affirmative matter.  However, the defendant

did not include an affidavit.  We found that an affidavit was

unnecessary because the documents were affirmative matter that

concerned the grounds appearing on the face of the plaintiff's

complaint.  Geick, 236 Ill. App. 3d at 874.

     Similarly, O'Hare's complaint contains allegations that the

ISP towing list policy provides for a hearing before a tow truck

company can be removed from the list.  Further, O'Hare alleges that

meeting certain requirements automatically entitles it to be

reinstated onto the list.  As a result, in this case, the

defendants have relied on the policy not to contest the well-

pleaded facts of O'Hare's complaint, but to refute the conclusional

allegations that the policy states that a trucking company can only

be removed from the list with notice of alleged rule violations and

that the policy states that a company's meeting district 2's

requirements automatically entitles that company to be reinstated

onto the list.  Therefore, we find that an affidavit was not

necessary because O'Hare did not contest the validity of the policy

and the policy concerned grounds that appeared on the face of

O'Hare's complaint.

     Next, we turn to O'Hare's contention that it has a property

interest in remaining on the district 2 tow list and cannot be

removed without due process of law.  "To have a property interest

in a benefit, a person clearly must have more than an abstract need

or desire for it.  He must have more than a unilateral expectation

of it.  He must, instead, have a legitimate claim of entitlement to

it."  Board of Regents of State Colleges v. Roth, 408 U.S. 564,

577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709 (1972).  Such

property interests are created and defined "by existing rules or

understandings that stem from an independent source such as state

law."  Roth, 408 U.S. at 577, 33 L. Ed. 2d at 561, 92 S. Ct. at

2709.

     O'Hare does not cite any decision of an Illinois court

indicating that it had a property interest to be on or to remain on

the district 2 rotation list.  Moreover, O'Hare does not cite any

Illinois statute or administrative regulation that might be

construed to provide such an entitlement.  We note that we are also

unable to find any case or statute that supports O'Hare's position. 

In its complaint, O'Hare refers to ISP procedures, rules, and

directives, but these "rules" do not qualify as a state statute or

regulation.  Instead, these documents clearly state that they are

"guidelines" for the districts to consider when forming their own

towing policy.  Consequently, each district is allowed to form its

own list and adopt its own procedures.  Thus, O'Hare has failed to

allege that its property interest is based on an Illinois state law

or regulation.  

     This reasoning is consistent with the holdings of several

federal circuit courts that have been presented with the issue of 

whether a tow truck company has a property right to remain on an

on-call rotating list.  In Pritchett v. Alford, 973 F.2d 307 (4th

Cir. 1992), and Abercrombie v. City of Catoosa, 896 F.2d 1228 (10th

Cir. 1990), two cases that O'Hare cites in its brief, the United

States Court of Appeals for the Fourth Circuit and the Tenth

Circuit held that a wrecker service company had a protected

property interest in remaining on a rotation list.  However, in

Pritchett the court found that the  rotation list was maintained

pursuant to South Carolina regulations, and in Abercrombie, the

Tenth Circuit found that the rotation list was maintained pursuant

to Oklahoma law.  See Pritchett, 973 F.2d at 317; Abercrombie, 896

F.2d at 1232.  In this case, no such statute or regulatory system

exists.  Instead, O'Hare relies on the district 2 rotation policy

itself for the creation of the alleged property right.  

     Indeed, O'Hare argues that the district 2 regulations

themselves serve to create a property interest under Perry v.

Sinderman, 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972). 

In Perry, the Supreme Court stated that rules "promulgated and

fostered by state officials" may justify a legitimate claim of

entitlement.  Perry, 408 U.S. at 602-03, 33 L. Ed. 2d at 580, 92 S.

Ct. at 2700.  O'Hare argues that the district 2 towing list policy

formed by the ISP created a property right to remain on the tow

list, even though no state law or state regulation exists

concerning the ISP's towing policy.  We disagree.

     Several federal court cases provide guidance on this issue. 

In Morley's Auto Body, Inc. v. Hunter, 70 F.3d 1209 (11th Cir.

1995), the plaintiff alleged that the defendant sheriff's tow 

truck policy created a property right.  The circuit court

disagreed.  It found that there was no Florida state law that

"elevate[d the] policy to the status of a regulation with the force

of law" and that such a policy did not give rise to a

constitutionally protected property interest.  Morley's Auto Body,

70 F.3d at 1214.

     Similarly, in Piecknick v. Commonwealth of Pennsylvania, 36

F.3d 1250 (3d Cir. 1994), the plaintiff alleged that a policy

created by the Pennsylvania State Police created a constitutionally

protected property interest.  As in Morley's Auto Body, the

plaintiff in Piecknick also relied completely on a policy

distributed by the police that had not been specifically authorized

by, or codified in, any state statute or regulation, to show that

he had a property interest.  The third circuit found that the

policy the plaintiff relied upon consisted only of "guidelines"

that merely articulated a general policy that did not create an

enforceable contract between the towing services on the list and

the state police.  Accordingly, the court affirmed the dismissal of

the plaintiff's complaint.  Piecknick, 36 F.3d at 1256. 

     Finally, in White Plains Towing Corp. v. Patterson, 991 F.2d

1049 (2d Cir. 1993), cert. denied, 510 U.S. 865, 126 L. Ed. 2d 144,

114 S. Ct. 185 (1993), the plaintiff alleged that the New York

State Police's formation of a highway zone tow truck referral

system created a property entitlement.  In that case, the state

police divided a section of a state highway into three zones and

assigned exclusive towing referral rights to a single company

within each zone.  The police terminated the plaintiff's zone

assignment, and he brought a section 1983 claim (42 U.S.C. §1983

(1988)).  The second circuit found that the assignment system was

not authorized in any New York statute or regulation and held that

the plaintiff did not have a cognizable property interest in

continued towing referrals.  Patterson, 991 F.2d at 1062.     

     Although not binding, we find these cases instructive to our

analysis in this case.  Here, the ISP issued guidelines to the

districts concerning towing lists.  Nevertheless, each district

remained free to form its own policy.  Consequently, like the

plaintiffs in Hunter, Piecknick, and Patterson, O'Hare has not and

cannot allege or show, that district 2's policy was created by a

formal and settled source--such as a state statute or regulatory

scheme.  Instead, O'Hare relies on the towing policy of district 2

as creating a property right.  Absent an entitlement grounded in

state law, however, we cannot find that O'Hare had a protected

property interest in remaining on the district 2 rotation list. 

See O'Hare Truck Service, Inc. v. City of Northlake, 47 F.3d 883

(7th Cir. 1995) (held no property interest existed after finding no

Illinois authority supporting the conclusion that Northlake's

policy concerning a rotation list had the force of law), rev'd on

other grounds, 518 U.S. ___, 135 L. Ed. 2d 874, 116 S. Ct. 2353

(1996); Blackburn v. Marshall City of, 42 F.3d 925, 938 (5th Cir.

1995) ("Where a court has found a property interest in remaining on

a rotation list, the plaintiff has alleged a claim of entitlement

supported or created by a formal and settled source such as a state

statute or regulatory system").  

     Thus, we hold that O'Hare has failed to allege a property

interest protected by the due process clauses of the fourteenth

amendment and the Illinois Constitution.  As a result, O'Hare's

complaint does not state a cause of action for a due process

violation, and the motion to dismiss was properly granted.

     For the foregoing reasons, the judgment of the circuit court

of Du Page County is affirmed.

     Affirmed.

     McLAREN, P.J., and HUTCHINSON, J., concur.