JEFFREY E. KANNE, Plaintiff-Appellant, v. GEORGE J. BULKLEY *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—98—0597

Opinion filed August 6, 1999.

Wilson & McIlvaine, of Chicago, for appellant.

Robert Marc Chemers and Scott L. Howie, both of Pretzel & Stouffer, Chartered, of Chicago, for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Jeffrey Kanne, filed this action against three physicians, including defendant, Dr. Edward Winslow, alleging negligence in failing to diagnose prostate cancer. Defendant moved for summary judgment pursuant to section 2—1005(c) of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2—1005(c) (West 1996)), stating that plaintiff filed his lawsuit after both the applicable statute of limitations and statute of repose expired (735 ILCS 5/13—212(a) (West 1996)). The circuit court of Cook County granted defendant's motion for summary judgment on December 9, 1997, and this timely appeal followed. On appeal, plaintiff maintains that: (1) he brought this action before the statute of repose expired; and (2) if the limitations period started running before the plaintiff was aware of his claim, the statute violated his state and federal constitutional rights. For the reasons set forth below, we affirm the decision of the circuit court.

FACTS

The pleadings, affidavits and depositions reveal the following facts relevant to this appeal: Plaintiff began seeing defendant in January of 1989 and continued to receive medical treatment from defendant until June of 1992. Plaintiff stated that when he became dissatisfied with defendant in 1992, he went to see another physician for treatment. In July of 1992, plaintiff's new physician determined that he had prostate cancer, and, as a result, plaintiff underwent a radical prostatectomy on August 27, 1992. Plaintiff's dissatisfaction with the care he received from defendant led him to retain legal counsel, who requested plaintiff's medical records from defendant in October of 1993.

After his prostatectomy, plaintiff remained cancer free until 1996, when his prostate specific antigen (PSA) tests indicated that the cancer might recur. On August 26, 1996, plaintiff filed a three-count complaint against defendant and two other physicians, claiming negligent treatment. Specifically, in count III, plaintiff alleged that defendant was negligent in one or more of the following respects:

"(a) Failed to adequately treat and care for Kanne;

(b) Failed to diagnose the existence of prostate cancer in Kanne;

(c) Failed to undertake adequate examination of Kanne's prostate gland;

\* \* \*

(e) Failed to order a PSA test for Kanne;

(f) Failed to order ultrasound or other diagnostic techniques regarding the condition of Kanne's prostate; and

(g) Failed to advised Kanne of a need to have regular prostate examinations."

On December 3, 1996, plaintiff voluntarily dismissed his claims against the two other physicians. Defendant then answered the complaint and moved for summary judgment pursuant to section 2—1005(c) of the Code (735 ILCS 5/2—1005(c) (West 1996)). Defendant's motion argued that plaintiff's claim was time-barred by both the two-year statute of limitations and the four-year statute of repose for medical malpractice actions (735 ILCS 5/13—212(a) (West 1996)), because defendant last treated plaintiff in June 1992 and plaintiff did not file his complaint until August 1996. The circuit court granted defendant's motion for summary judgment and subsequently denied plaintiff's motion for reconsideration.

## I. STANDARD OF REVIEW

■ Summary judgment is appropriate where the pleadings, affidavits, depositions, admissions and exhibits in the record, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1996); *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333 (1996). We review the circuit court's decision granting defendant's motion for summary judgment *de novo. Best v. Taylor Machine Works*, 179 Ill. 2d 367, 389 (1997).

## II. SECTION 13—212(a)

Plaintiff first contends that the circuit court erred in granting defendant's motion for summary judgment, because the four-year statute of limitations for medical malpractice actions does not start running until an injury is manifested in the plaintiff. We disagree with this contention.

■ Section 13—212(a) of the Code provides as follows:

"[N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care *shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury* or death for which damages

are sought in the action, whichever of such date occurs first, *but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.*" (Emphasis added.) 735 ILCS 5/13—212(a) (West 1996).

■ When interpreting a statute, the court's only role is to ascertain and give effect to the true intent and meaning of the legislature. *Cunningham v. Huffman*, 154 Ill. 2d 398, 405 (1993), citing *People ex rel. Hanrahan v. White*, 52 Ill. 2d 70, 73 (1972). To determine the legislative intent, we first consider the statutory language. *Cunningham*, 154 Ill. 2d at 405. Section 13—212(a) is bifurcated, providing both a statute of limitations and a statute of repose. *Turner v. Nama*, 294 Ill. App. 3d 19, 24 (1997). The limitations period incorporates the "discovery rule" and clearly provides that a plaintiff has two years to bring an action from the date he/she knows or should know of the injury at issue. 735 ILCS 5/13—212(a) (West 1996); *Turner*, 294 Ill. App. 3d at 24.

The second part of the statute, the period of repose, places a legislatively mandated limit on when a lawsuit may be filed after the occurrence alleged to have caused the injury. 735 ILCS 5/13—212(a) (West 1996); *Turner*, 294 Ill. App. 3d at 25. The repose period starts to run on the last date of negligent treatment (*Cunningham*, 154 Ill. 2d at 405) and "is intended to terminate the possibility of liability after a defined period of time, *regardless of a potential plaintiff's lack of knowledge of his cause of action.*" (Emphasis added.) *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 422 (1986). Although the repose period may bring harsh consequences in some cases, the legislature wanted to prevent infinite exposure to medical malpractice claims under the discovery rule. See *Anderson v. Wagner*, 79 Ill. 2d 295, 312 (1979). Thus, the distinction between the repose period and the limitations period is that the repose period is triggered by defendant's wrongful act or omission that causes the injury, while the limitations period is triggered by the patient's discovery of the injury. *Cunningham*, 154 Ill. 2d at 406.[1]

■ In failure-to-diagnose cases, such as the instant case, where a plaintiff blames a defendant's omission for his injury, the omission at issue is deemed to have occurred on the date defendant rendered his final treatment. *Turner*, 294 Ill. App. 3d at 25. The language of section

---

[1] Plaintiff's brief repeatedly refers to a four-year statute of limitations for medical malpractice actions when, in fact, medical malpractice actions in Illinois are governed by a two-year statute of limitations and a four-year statute of repose. 735 ILCS 5/13—212(a) (West 1996). See *DeLuna v. Treister*, 185 Ill. 2d 565, 583 n.2 (1999).

13—212(a) supports this conclusion. As noted above, the statute provides that "in no event shall such action be brought more than 4 years after the date on which occurred *the act or omission or occurrence* alleged in such action to have been the cause of such injury or death." (Emphasis added.) 735 ILCS 5/13—212(a) (West 1996). This language clearly states that the four-year cap on medical malpractice actions commences from the alleged act or omission that caused plaintiff's injury. There is no requirement in the language of the statute that an injury must exist before the statute of repose commences.

█ In the case at bar, plaintiff's complaint alleges that defendant was negligent in his failure to diagnose plaintiff's prostate cancer. Considering plaintiff testified at his own deposition that he never saw or received any treatment from defendant after June 1992, we must find that the language of section 13—212(a) caused the statute of repose to start running in June of 1992 and extinguished plaintiff's cause of action against defendant in June of 1996. The onset of chemical evidence of a recurrence of prostate cancer in 1996 is of no import to this analysis.

In Illinois, the statute of repose is controlled by the date on which treatment was discontinued, not the onset of the injury. See *Hayes v. Wilson*, 283 Ill. App. 3d 1015, 1016 (1996). In fact, "once treatment by the negligent physician is discontinued, the statute of repose begins to run, regardless of whether or not the patient is aware of the negligence at termination of treatment." *Cunningham*, 154 Ill. 2d at 406 (reading the word "occurrence" in section 13—212(a) to only refer to the time when the defendant was negligent). Such decisions are unambiguous in their reading of section 13—212(a) and support a finding that the statute of repose in the instant case commenced in June of 1992 and extinguished plaintiff's cause of action in June of 1996—two months before he filed his complaint. Therefore, we find that the trial court properly interpreted section 13—212(a) and did not err in finding that the four-year statute of repose for medical malpractice actions barred plaintiff's claim.

Plaintiff argues that since the *Cunningham* decision concluded "the statute of repose is triggered by the 'act or omission or occurrence' causing an injury," the logical extension of this language is that the statute requires an injury before the statute of limitations is triggered. *Cunningham*, 154 Ill. 2d at 406. This argument merely confuses the issue and fails to recognize the distinction between the limitations period and the repose period in section 13—212(a). It makes little sense to rely on language discussing commencement of a statute of repose to infer the starting point for a statute of limitations. As

discussed previously, the two time periods are very different in their objectives and application. More importantly, however, the express language in the sentence from *Cunningham* directly preceding the sentence quoted by plaintiff states, "once treatment by the negligent physician is discontinued, the statute of repose begins to run, *regardless of whether or not the patient is aware of the negligence at termination of treatment.*" (Emphasis added.) *Cunningham*, 154 Ill. 2d at 406. This language is clear. Plaintiff did not have to know of his injury before the statute of repose started running. Despite plaintiff's efforts, we rely on prior constructions of the statute of repose and decline the invitation to redefine "occurrence" as it is used in section 13—212(a).

Plaintiff also devotes several pages of his brief to a discussion of how federal courts have interpreted "occurrence" or "event" in insurance policies and the rules of the New York Stock Exchange. We find these arguments unpersuasive. Plaintiff is attempting to avoid the plain language of the statute by turning to non-Illinois cases that have absolutely nothing to do with section 13—212(a) of the Code.

Finally, we also find plaintiff's references to *Wolf v. Bueser*, 279 Ill. App. 3d 217 (1996), unhelpful. *Wolf* specifically discussed the discovery rule's mitigating effect on the two-year statute of limitations. However, the analysis of the two-year statute of limitations was essential in *Wolf* because the four-year statute of repose had not yet expired. In this case, because the four-year statute of repose expired and extinguished plaintiff's cause of action, we need not address the two-year statute of limitations and when plaintiff discovered his injury.

Accordingly, for these reasons we find that the circuit court correctly granted defendant's motion for summary judgment.

## III. CONSTITUTIONALITY OF SECTION 13—212(a)

Plaintiff next argues that section 13—212(a) is forbidden "special legislation" and violates numerous state and federal constitutional rights, including access to the courts, equal protection and due process. We disagree.

### A. Special Legislation

According to the Illinois Supreme Court, "repose periods reflect the legislature's balancing of an individual's interest in recovery against the problems and costs perceived in medical malpractice actions and the public's interest in having available to it affordable health care." *Mega*, 111 Ill. 2d at 428. The Illinois General Assembly has the ability to reduce a litigant's ability to recover, so long as there is a sound and reasonable basis for the measure. See *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 391 (1997). Furthermore, an otherwise

valid action may be eliminated if this course serves a greater good— for example, governmental immunity. See *Barnett v. Zion Park District*, 171 Ill. 2d 378, 391 (1996).

■ In the past, our supreme court has found that section 13— 212(a) does not violate the Illinois Constitution of 1970. For example, in *Mega*, the supreme court found a prior but similar version of section 13—212 constitutional and stated that although the statute "restricts the time within which an action must be brought, \*\*\* it does not eliminate an entire category or type of action. That the repose provision may, in a particular instance, bar an action before it is discovered is an accidental rather than necessary consequence." *Mega*, 111 Ill. 2d at 424.

Plaintiff relies on the *Best* decision to support the proposition that it is unconstitutional for a statute to deprive him of a remedy. We find that this reliance is wholly misplaced.

*Best* held that certain aspects of the civil justice reform amendments (Pub. Act 89—7, eff. March 9, 1995) represented "special legislation" but explicitly distinguished the statute of repose for medical malpractice actions. *Best*, 179 Ill. 2d at 401. The supreme court was quick to point out that, in enacting the statute of repose for medical malpractice actions, the General Assembly was "responding to judicial expansion of the discovery rule, which had undermined the medical malpractice statute of limitation by creating a tolling provision of potentially unlimited duration." *Best*, 179 Ill. 2d at 401, citing *Anderson*, 79 Ill. 2d at 316-21. This holding and analysis does not support finding the medical malpractice statute unconstitutional "special legislation." Plaintiff is correct in stating that the statute's four-year repose period is arbitrary but, as noted in *Best*, the repose period serves a legislatively determined policy objective by setting a temporal limit on liability. Illinois courts have consistently found this objective to be reasonable. Accordingly, we reject plaintiff's assertion that section 13—212(a) is unconstitutional "special legislation."

## B. Access to Courts

■ Plaintiff next contends that section 13—212(a) violates article I, section 12, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 12) by unconstitutionally·eliminating all causes of action for plaintiffs with latent injuries that manifest themselves more than four years after their last treatment. Article I, section 12, of the Illinois Constitution of 1970 provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and properly." Ill. Const. 1970, art. I, § 12. Plaintiff

relies on *Best*'s determination that a right of privacy arose out of section 12 of article I, thereby guaranteeing a person injured in Illinois a right to seek a remedy. However, the *Best* analysis upon which plaintiff relies addressed access to confidential medical information, not the right to file a complaint after expiration of a statute of limitations or a statute of repose. Limitations and repose periods for medical malpractice claims place a limit on the time period in which the action must be brought so that medical treaters are not exposed to infinite liability. See, *e.g., Cunningham,* 154 Ill. 2d at 406. Thus, we find no support for the proposition that section 13—212(a) denies potential claimants access to a legal remedy in violation of article I, section 12, of the Illinois Constitution of 1970.

## C. Equal Protection

■ Plaintiff further argues that the "four-year statute of limitations must be analyzed under the strict scrutiny test" as a violation of plaintiff's Illinois and federal equal protection's rights. We also disagree with this argument.

Both equal protection challenges and special legislation challenges are reviewed according to the same standard. *Cutinello v. Whitley,* 161 Ill. 2d 409, 417 (1994). If the statute at issue does not impinge on a fundamental right or delimit a suspect or quasi-suspect classification, the appropriate standard of review is rational basis. *Best,* 179 Ill. 2d at 475-76 (Miller, J., concurring in part and dissenting in part). A court applying the rational basis standard must decide whether the challenged classification is rationally related to a legitimate governmental interest. *Nevitt v. Langfelder,* 157 Ill. 2d 116, 125-26 (1993).

Here, plaintiff has not shown that section 13—212(a) affects a fundamental right such as the expression of ideas, participation in the political process, or travel among the states; or delimits a suspect or quasi-suspect classification like race, sex or alienage. See *Committee for Educational Rights v. Edgar,* 174 Ill. 2d 1, 35 (1996); *In re A.S.B.,* 293 Ill. App. 3d 836, 847 (1997). Accordingly, defendant need not show that section 13—212(a) serves a compelling state interest. Under the rational basis standard, the reviewing court is deferential to the legislature's objective and "simply inquires whether the method or means employed in the statute to achieve the stated goal or purpose of the legislation is rationally related to that goal." *Jacobson v. Department of Public Aid,* 171 Ill. 2d 314, 323-24 (1996), citing *Fumarolo v. Chicago Board of Education,* 142 Ill. 2d 54, 74 (1990). Although the statute of repose for medical malpractice claims may bring about harsh consequences, the legislature wanted to prevent the problem of infinite exposure to medical malpractice claims that existed under the

"discovery rule." *Anderson*, 79 Ill. 2d at 312. Section 13—212(a) achieves this goal in a manner that affects both parties to litigation equally.

Plaintiff next contends that the repose period unfairly serves to insulate medical practitioners from claims for injuries that do not manifest themselves before the repose period expires. His case is different. The record shows that plaintiff was aware of defendant's misdiagnosis and his injury shortly after he left defendant's care in July of 1992 and learned that he had prostate cancer. Therefore, plaintiff does not meet the criteria upon which his argument is based, because his injury resulting from defendant's failure to diagnose prostate cancer manifested itself within a month after defendant ceased treatment—well within the four years allowed under the statute of repose. For these reasons, we follow the Illinois Supreme Court and find section 13—212(a) constitutional.

## D. Due Process

Next, plaintiff argues that "the four-year statute of limitations allows no time to sue because it bars the cause of action before it accrues, the due process requirements of both the state and federal constitutions are clearly violated."

First of all, as already noted, there is no four-year statute of limitations in section 13—212(a). Second, section 13—212(a) does not deny a plaintiff a reasonable time to sue. In the instant case, plaintiff's injury accrued as early as July 1992 when his new physician informed him that he had prostate cancer, or at the latest in 1993 when he hired an attorney to pursue a claim against defendant. This accrual of the cause of action triggered the two-year statute of limitations, not the four-year statute of repose. The statute of repose, on the other hand, started to run when defendant last saw plaintiff in June 1992. As a result, plaintiff had, at the minimum, two years from July 1992 or mid-1993 to file his lawsuit. The four-year statute of repose, which expired in 1996, would not have prematurely extinguished his claim in either scenario, because it expired after the two-year limitations period. Therefore, plaintiff has not presented an argument that supports finding his due process rights were violated.

## E. Additional Authority

■ Plaintiff filed a motion to cite additional authority on April 5, 1999. We granted the motion. Plaintiff states that two additional cases, *Estate of Makos v. Wisconsin Masons Health Care Fund*, 211 Wis. 2d 41, 564 N.W.2d 662 (1997), and *Austin v. Litvak*, 682 P.2d 41 (Colo. 1984), support the contention that section 13—212(a) is unconstitutional. We find that neither case supports such a finding.

In *Estate of Makos*, the plaintiff-decedent had a growth on her left leg biopsied on February 13, 1985. Defendant examined the growth and diagnosed it as nonmalignant. Later, on May 27, 1994, plaintiff was diagnosed with metastatic malignant melanoma. The growth that was biopsied in 1985 was reexamined and found to be malignant. Plaintiff filed a medical malpractice action on May 3, 1995, well within the one-year discovery rule, but more than five years after the statutory five-year repose period. See Wis. Stat. § 893.55(1)(b) (1994).

The Wisconsin Supreme Court addressed the constitutionality of the statute of limitations. Specifically, the issue in *Estate of Makos* was whether a statute of repose barring medical malpractice actions commenced more than five years from the date of the alleged act or omission without regard to the date of discovery is constitutional. Plaintiff argued that the statute violated her fourteenth amendment due process rights because she was never given her day in court. The court agreed with plaintiff and found the statute unconstitutional as applied to Cheryl Makos because it violated procedural due process under both the United States and Wisconsin Constitutions (U.S. Const., amend. XIV; Wis. Const., art. 1, § 9). See *Estate of Makos*, 211 Wis. 2d at 49, 564 N.W.2d at 667. The opinion reasoned that the statute of repose unfairly extinguishes plaintiff's cause of action in February 1990, far in advance of her discovery of an injury.

However, we need not follow the Wisconsin Supreme Court's decision. Much of the *Estate of Makos* decision focused on the fundamental fairness of a statute of repose that extinguishes a cause of action before it is discovered by a plaintiff. While we recognize the harsh consequences of a statute of repose like the one contained in section 13—212(a), it is clear that the Illinois Supreme Court has repeatedly found the statute of repose for medical malpractice actions to be constitutional under both the United States and Illinois Constitutions. See, e.g., *Cunningham*, 154 Ill. 2d 398; *Mega*, 111 Ill. 2d 416; *Anderson*, 79 Ill. 2d 295. In reaching its conclusion that the statute of repose did not violate due process, the *Anderson* court recognized that the statute of repose could bar a cause of action before its discovery, without violating principles of fairness. See *Anderson*, 79 Ill. 2d at 311-12. In other words, our supreme court has chosen to effectuate the legislature's objective of curtailing infinite exposure to medical malpractice claims and has found this objective reasonable. See *Anderson*, 79 Ill. 2d at 312; *Cunningham*, 154 Ill. 2d at 406. We follow the Illinois Supreme Court and find section 13—212(a) constitutional.

Furthermore, in *Estate of Makos*, the Wisconsin Supreme Court found the statute at issue unconstitutional as applied to the facts of the case. See *Estate of Makos*, 211 Wis. 2d at 44, 564 N.W.2d at 663.

The case at bar is distinguishable from *Estate of Makos* on its facts. Plaintiff learned that he had prostate cancer and believed that defendant had erred in not diagnosing his condition two to three years before the repose period in section 13—212(a) expired. Thus, plaintiff had the full two years to bring his lawsuit and exercise his due process rights before the repose period extinguished his cause of action.

*Austin v. Litvak* does not support plaintiff's argument either. There, the Colorado Supreme Court addressed the constitutionality of a statute of limitations for medical malpractice actions containing two narrow exceptions (Colo. Rev. Stat. § 13—80—105 (19___)). Under the statute, a claimant had to file an action within two years after accrual or within three years of the act or omission. However, if the person who committed the act or omission knowingly concealed his/her error, the claim was not barred; nor was a claim barred by the repose period if the physician left an unauthorized foreign object in the claimant's body.

In the case at bar, plaintiff challenges the constitutionality of a repose period that commences from the date of the act or omission giving rise to the injury, regardless of plaintiff's knowledge of an injury. *Austin* actually rejects this argument when it cites to the Illinois Supreme Court's decision in *Anderson v. Wagner*, 79 Ill. 2d 295, as rejecting an equal protection challenge based on the length of the limitations period for medical malpractice actions. *Austin*, 682 P.2d at 48 n.7. Moreover, section 13—212(a), unlike the Colorado statute, does not contain the foreign-object exception that was essential to the court's holding in *Austin*. Accordingly, we find *Austin* does not support plaintiff's argument.

## IV. CONCLUSION

For the aforementioned reason, the judgment of the circuit court of Cook County, granting defendant's motion for summary judgment, is affirmed.

Affirmed.

CAMPBELL, P.J., and ZWICK, J., concur.