# Illinois Official Reports

## Appellate Court

---

**Osten v. Northwestern Memorial Hospital, 2018 IL App (1st) 172072**

---

| | |
|---|---|
| Appellate Court Caption | JOSEPH M. OSTEN, as Special Administrator of the Estate of Gail M. Osten, Deceased, Plaintiff-Appellant, v. NORTHWESTERN MEMORIAL HOSPITAL; NORTHWESTERN MEDICAL FACULTY FOUNDATION; ELIZABETH NYE, M.D.; NYE PARTNERS IN WOMEN'S HEALTH; JUDITH WOLFMAN, M.D.; and JACQUELINE BYERLY, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-17-2072 |
| Filed | September 10, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-L-709; the Hon. William E. Gomolinski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Motherway & Napleton, LLP, of Chicago (Robert J. Napleton and Bradley Z. Schulman, of counsel), and Law Offices of Lynn D. Dowd, of Naperville (Lynn D. Dowd and Jennifer L. Barron, of counsel), for appellant.<br><br>Cunningham, Meyer & Vedrine, P.C., of Chicago (Robert L. Larsen, Charles F. Redden, and Amy J. Thompson, of counsel), for appellees Elizabeth Nye, M.D., and Nye Partners in Women's Health. |

Anderson, Rasor & Partners, LLP, of Chicago (Sandra G. Iorio and Christopher C. Heery, of counsel), for other appellees.

| Panel | PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion. |
| --- | --- |
| | Justices Harris and Mikva concurred in the judgment and opinion. |

## OPINION

¶ 1    Plaintiff Joseph M. Osten, as special administrator of the estate of Gail M. Osten, filed wrongful death claims in the circuit court of Cook County against defendants based on defendants' alleged failure to timely diagnose Gail's breast cancer. Defendants moved to dismiss plaintiff's complaint as time-barred by both the statute of limitations and the statute of repose. The circuit court granted defendants' motions, and plaintiff appeals. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 2                                    BACKGROUND

¶ 3    For the purposes of this appeal, we accept as true all the well-pleaded facts in plaintiff's complaint and draw all reasonable inference in his favor (*Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003)), but we will disregard any facts in plaintiff's appellate brief that were not advanced in the circuit court, as those facts are *dehors* the record.

¶ 4    Plaintiff initiated this action by filing his complaint on January 20, 2017. Plaintiff alleged that defendant Elizabeth Nye, M.D., was one of decedent Gail Osten's treating physicians. On Nye's order, Gail underwent a screening mammogram on April 21, 2011. Defendant Judith Wolfman, M.D., was the radiologist who interpreted Gail's mammogram, and defendant Jacqueline Byerly was a radiologist technician who "provided care to Gail." According to the complaint, "the technologist[1] noticed a slightly inverted left nipple, with a brown discharge, which [Gail] specifically noted she had never seen before." The mammogram revealed a bilateral benign calcification with no masses or other findings suggestive of malignancy. The results of the mammogram were not transmitted to Nye. The screening mammogram was not converted to a diagnostic mammography and no ultrasound tests were ordered. In December 2011, Gail was diagnosed with breast cancer. The complaint does not allege who made the breast cancer diagnosis or any facts as to Gail's treatment after December 2011. The complaint does not allege any facts regarding the circumstances of Gail's death on March 19, 2015.

¶ 5    Plaintiff's complaint asserted five counts of professional negligence and wrongful death against defendants. Plaintiff alleged that on April 21, 2011, Nye, Wolfman, and Byerly were "agents, servants and employees, including but not limited to actual and apparent [agents] of"

---

[1]The complaint does not specify who the "technologist" was.

defendants Northwestern Memorial Hospital and Northwestern Medical Faculty Foundation.[2] Plaintiff alleged that defendants were negligent in (1) failing to convert the screening mammogram to a diagnostic mammography, (2) failing to perform an ultrasound, and (3) failing to recognize the risk factors for breast cancer of an inverted nipple and brownish discharge. The complaint alleged that defendants' negligence on April 21, 2011, caused or contributed to Gail's death and does not state that defendants had any contact with Gail after that date.

¶ 6 Defendants filed motions to dismiss plaintiff's complaint pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2016)). Defendants asserted that plaintiff's claims were time-barred by both the two-year statute of limitations and the four-year statute of repose in section 13-212 of the Code (*id.* § 13-212) applicable to medical negligence claims. Defendants contended that the statute of limitations began running on Gail's medical negligence claims in April 2011, when the screening mammogram was performed or, at the latest, in December 2011, when Gail was diagnosed with breast cancer. Defendants argued that, under either date, the statute of limitations expired on Gail's medical negligence claims no later than December 2013. Defendants also asserted that the four-year repose period on Gail's medical negligence claims began running on the date of the alleged negligence, and therefore the repose period lapsed on April 21, 2015. Defendants further argued that plaintiff could not bring a wrongful death claim premised on defendants' alleged medical negligence because the statute of limitations on those claims expired before Gail's death in March 2015.[3] Defendants' section 2-619 motion to dismiss was based on the allegations set forth in plaintiff's complaint, and at no point did plaintiff seek leave to amend his complaint to allege any additional facts to defeat the motion to dismiss.

¶ 7 In response, plaintiff argued that his complaint was timely because it was filed within two years of Gail's death, which plaintiff contended was the date that the statute of limitations and statute of repose began to run on his wrongful death claims. Plaintiff argued that defendants advanced no facts to show that Gail knew or reasonably should have known in December 2011 of defendants' alleged negligence and that the only relevant date for measuring the timeliness of his claims was the date of Gail's death.

¶ 8 The circuit court granted defendants' section 2-619 motions to dismiss plaintiff's complaint with prejudice. Plaintiff filed a timely notice of appeal.

¶ 9 ANALYSIS

¶ 10 On appeal, plaintiff argues that his complaint was timely. He contends that the complaint was filed within two years of discovering defendants' negligence and was therefore filed within the statute of limitations set forth in section 13-212 of the Code. Furthermore, he argues

---

[2]Nye Partners in Women's Health is identified as a defendant in the caption of plaintiff's complaint, and plaintiff alleged that Nye was an employee of Nye Partners. The complaint does not contain any claims directed at Nye Partners.

[3]Defendants also filed motions to dismiss plaintiff's complaint based on alleged defects in the medical report attached to the complaint pursuant to section 2-622 of the Code (735 ILCS 5/2-622 (West 2016)). The circuit court, however, did not rule on those motions, and defendants do not advance any alternative arguments on appeal that the merits of those motions constitute an alternative basis for affirming the circuit court's judgment.

that the repose period did not begin to run until Gail's death, which he contends is when defendants' treatment of Gail ended, although the complaint failed to allege any facts as to when defendants' treatment of Gail ended. He additionally argues that the date on which he should have known of defendants' negligence is a question of fact that would defeat a motion to dismiss. We disagree with all of plaintiff's arguments and conclude that, based on the facts alleged in his complaint, all of plaintiff's medical negligence claims were time-barred under the applicable statutes of limitations and repose.

¶ 11 Under section 2-619(a)(5) of the Code, dismissal is warranted if the "action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2016). A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of the complaint and asserts an affirmative matter outside the pleading that avoids the legal effect of or defeats the claim. *Relf v. Shatayeva*, 2013 IL 114925, ¶ 20. In ruling on a section 2-619 motion, we accept as true all well-pleaded facts in plaintiff's complaint and draw all reasonable inferences in plaintiff's favor. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 85 (1995). We review *de novo* a circuit court's ruling on a motion to dismiss. *Moon v. Rhode*, 2016 IL 119572, ¶ 15.

¶ 12 Section 1 of the Wrongful Death Act provides:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. No action may be brought under this Act if the decedent had brought a cause of action with respect to the same underlying incident or occurrence which was settled or on which judgment was rendered." 740 ILCS 180/1 (West 2016).

¶ 13 In a wrongful death action, the cause of action is the wrongful act, neglect, or default causing death and not the death itself. *Wyness v. Armstrong World Industries, Inc.*, 131 Ill. 2d 403, 411 (1989). Claims under the Wrongful Death Act must be commenced within two years of the person's death. 740 ILCS 180/2 (West 2016). Under the Wrongful Death Act, there can be no recovery "where the decedent once had a cause of action, but was not entitled to maintain that action and recover damages at the time of [her] death." *Lambert v. Village of Summit*, 104 Ill. App. 3d 1034, 1037-38 (1982).

¶ 14 In *Moon*, our supreme court explained that while section 2(c) of the Wrongful Death Act provides that a wrongful death action must be commenced within two years of a person's death (740 ILCS 180/2(c) (West 2012)), where a wrongful death claim is premised on alleged medical negligence, section 13-212(a) of the Code controls the timing of the claim. *Moon*, 2016 IL 119572, ¶ 29. The court explained,

"If the legislature had intended for the statute of limitations period contained in section 2(c) of the [Wrongful Death] Act to control plaintiff's cause of action, the language in section 13-212(a) of the Code would be superfluous, as all wrongful death claims alleging medical malpractice would have to be brought no later than two years after the decedent's death." *Id.* ¶ 30.

- 4 -

The court concluded that because section 13-212(a) controls the timing of a wrongful death claim premised on medical negligence, the discovery rule applies to such claims. *Id.* ¶ 31.

¶ 15    Section 13-212(a) of the Code provides:

"Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13-212(a) (West 2016).

¶ 16    Furthermore, our supreme court has observed that "the statute of repose is triggered by the 'act or omission or occurrence' causing an injury, rather than by the patient's discovery of the injury," and that "the statute of repose cannot start to run until the last date of negligent treatment." *Cunningham v. Huffman*, 154 Ill. 2d 398, 405-06 (1993); see also *Kanne v. Bulkley*, 306 Ill. App. 3d 1036, 1040 (1999) ("In failure-to-diagnose cases *** where a plaintiff blames a defendant's omission for his injury, the omission at issue is deemed to have occurred on the date defendant rendered his final treatment.").

¶ 17    We find that based on the allegations in plaintiff's complaint, both the statutes of limitations and repose began to run either in April 2011 or no later than December 2011. The statutes of limitations and repose begin to run on the last date of negligent treatment. *Cunningham*, 154 Ill. 2d at 405-06; *Kanne*, 306 Ill. App. 3d at 1040. Here, plaintiff's complaint alleged that on April 21, 2011, defendants "noticed a slightly inverted left nipple, with a brown discharge, which [Gail] specifically noted she had never seen before," that defendants performed a screening mammogram that "revealed bilateral benign calcifications with no masses or other findings of malignancy," that the screening mammogram was not converted to a diagnostic mammogram, and that no ultrasounds were ordered. Plaintiff alleged that defendants were negligent on April 21, 2011, for (1) failing to convert the screening mammogram to a diagnostic mammography, (2) failing to perform an ultrasound, and (3) failing to recognize the risk factors for breast cancer of an inverted nipple and brownish discharge. Plaintiff's complaint alleged no other negligent acts or omissions or that defendants provided Gail with any treatment after April 21, 2011. The complaint alleged that Gail was diagnosed with breast cancer in December 2011, but the complaint alleged no facts tending to show that any defendant made that diagnosis or that any defendant continued to provide Gail with any treatment after December 2011. Finally, the complaint alleged that Gail died on March 19, 2015.

¶ 18    Plaintiff failed to allege a single fact that might allow an inference that defendants provided Gail with any treatment—negligent or otherwise—after April 21, 2011. Instead, plaintiff merely alleged that Gail was diagnosed with breast cancer in December 2011 and that she died on March 19, 2015. Even if we were to infer that any defendant diagnosed Gail with breast cancer in December 2011 and that Gail died as a result of her breast cancer, plaintiff failed to allege or advance any facts in the circuit court to show that defendants had any involvement in Gail's treatment after the breast cancer diagnosis in December 2011. Therefore, based on the

allegations set forth in plaintiff's complaint, both the statutes of limitations and repose began to run on any claim that Gail might have had against defendants no later than December 2011.

¶ 19    Plaintiff argues that it was defendants' burden "to prove that the discovery rule and the statute of repose were triggered prior to [Gail's death on] March 19, 2015," and that defendants' motion to dismiss did not advance any facts to establish when Gail knew or reasonably should have known that she suffered a wrongful injury caused by defendants. Plaintiff's appellate argument is perplexing since it is plaintiff's burden to plead sufficient facts to avoid dismissal based on the statutes of limitations or repose, and defendants had no obligation to plead any facts on plaintiff's behalf. Plaintiff's contention with regard to the discovery rule is contradicted by our supreme court's explanations of the rule. "The discovery rule delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 249 (1994). The effect of the discovery rule is to postpone the starting of the period of limitations. *Hermitage*, 166 Ill. 2d at 81. When faced with a section 2-619(a)(5) motion, "the *plaintiff* must provide enough facts to avoid application of the statute of limitations." (Emphasis added.) *Id.* at 84-85. "When a *plaintiff* uses the discovery rule to delay commencement of the statute of limitations, the *plaintiff* has the burden of proving the date of discovery." (Emphases added.) *Id.* at 85.

¶ 20    Here, defendants accepted the factual allegations in plaintiff's complaint as true and argued that, based on plaintiff's allegations, the claims were time-barred. The complaint alleged in part that defendants were negligent on April 21, 2011, by failing to perform additional diagnostic testing and by failing recognize the risk factors for breast cancer of an inverted nipple and brownish discharge. It is undisputed that Gail was diagnosed with breast cancer in December 2011. No acts of professional negligence are alleged between those two dates. Plaintiff did not come forward with any facts to show that Gail, prior to her death, did not know or could not have known in December 2011 that she was wrongfully injured by defendants' alleged failure to diagnose her breast cancer in April 2011. Therefore, based on the complaint before us, and assuming that Gail's treatment continued until the date of her breast cancer diagnosis, the two-year statute of limitations on any medical negligence claims that Gail might have had against defendants commenced in December 2011 and lapsed in December 2013. The four-year statute of repose lapsed in April 2015 or, even assuming that defendants' treatment of Gail included the December 2011 breast cancer diagnosis, in December 2015. Plaintiff did not file his complaint until January 2017. Gail's claims were barred by the statute of limitations at the time of her death, and the statute of repose lapsed on those claims nine months after her death and nearly two years before plaintiff filed his complaint. Plaintiff's wrongful death claims predicated on defendants' alleged acts of medical negligence that ended at the latest in December 2011 were untimely and barred by both the statutes of limitation and repose.

¶ 21    In an attempt to salvage what we view as a straightforward application of the statutes of limitation and repose to plaintiff's claims, plaintiff's appellate brief contains a section titled "Plaintiff Discovers an Actionable Claim." This section states in full:

    "The defendants' treatment of [Gail] was continuous until the date of her death on March 19, 2015. Until the time of her death, there was no indication to the decedent or to the plaintiff that the defendants' delayed treatment and diagnosis of [Gail's] cancer constituted professional negligence. But then, after [Gail's] death, [plaintiff] became

aware that an earlier diagnosis and treatment would have prevented his wife's death, and that the defendants failed in their professional duties to his wife which was a proximate cause of her death."

Plaintiff offers no citation to the record to support these assertions, in violation of Illinois Supreme Court Rule 341(h)(6) (eff. Nov. 1, 2017).[4] The reason that plaintiff fails to cite to the record in support of these statements is clear: these "facts" are advanced for the first time on appeal and were never advanced in the circuit court in either plaintiff's complaint or his response to defendants' motions to dismiss. Plaintiff's complaint alleged that defendants performed the screening mammogram in April 2011 but did not allege that Gail sought or received additional treatment from defendants thereafter. Plaintiff's complaint alleged that Gail was diagnosed with breast cancer in December 2011 but did not allege who made that diagnosis. Similarly, plaintiff's complaint is devoid of any factual allegations regarding Gail's course of treatment, if any—or that defendants were involved in any treatment—after the December 2011 breast cancer diagnosis. Nor did plaintiff allege any facts regarding his purported delayed discovery of a potential medical negligence claim against defendants.

¶ 22　　We must reject plaintiff's attempt to introduce new facts on appeal to bolster his claim that there is a question of fact with respect to the discovery of Gail's injury. In his reply brief in this court, plaintiff asserts that the unpleaded "facts"—that Gail received continuous treatment from defendants until the time of her death, that there was no indication that defendants' delayed treatment and diagnosis of Gail's cancer constituted professional negligence, that plaintiff learned after Gail's death that an earlier diagnosis and treatment would have prevented Gail's death, and that defendants' failure in their professional duties to Gail was a proximate cause of her death—are "reasonable, logical inferences permitted under the applicable standard of review which must be taken as true on review." We disagree. We do not accept unpleaded facts as true. We fail to see how these entirely new "factual" allegations—advanced for the first time on appeal—can be considered logical inferences drawn from the allegations in the complaint. Plaintiff could have sought leave to amend his complaint in the circuit court or, at the very least, could have advanced these "facts" in response to defendants' motions to dismiss. He failed to do either. We decline to consider or accept as true any new "factual" allegations advanced for the first time on appeal and find that these new "factual" allegations are not reasonably drawn inferences from the facts as pleaded in plaintiff's complaint.

¶ 23　　Furthermore, at oral argument, plaintiff argued that we should look to the physician's report attached to the section 2-622 affidavit (735 ILCS 5/2-622 (West 2016)), filed in connection with his complaint, for facts supporting the notion that Gail's treatment continued until the her date of death. The report asserted that "[t]he radiologist's recommendation was for screening mammography in one year, or as clinically indicated." Plaintiff argued that this amounted to a treatment plan that was never followed, which constituted an omission by defendants that continued until Gail's death. This argument, however, is forfeited because it was not advanced either in the circuit court or in plaintiff's appellate briefs in this court, and was raised for the first time at oral argument. Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017)

---

[4]We also note that plaintiff's appellate brief regularly violates Rule 341(h)(6) by failing to provide citations to the record on appeal in support of plaintiff's appellate arguments.

("Points not argued are [forfeited] and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 24 Forfeiture aside, plaintiff's contention that the health professional's report attached to a section 2-622 affidavit is to be treated as part of the complaint was rejected in *Garrison v. Choh*, 308 Ill. App. 3d 48 (1999). There, we observed that the purpose of a section 2-622 affidavit and a health professional report is "not to bolster or enhance [the] complaint but to satisfy the requirements of section 2-622 of the Code." *Id.* at 56. The health professional's report certifies that the plaintiff's action has reasonable merit, and the report must provide reasons for that determination, but "those reasons cannot be said to be incorporated into the complaint for purposes of determining the misconduct of the defendant for which the plaintiff seeks recovery." *Id.* at 56-57. Therefore, the factual assertions in the physician's report attached to the section 2-622 affidavit are not considered to be a part of plaintiff's complaint.

¶ 25 But even if we were to find that plaintiff incorporated the facts contained in the section 2-622 affidavit and attached physician's report as part of the substantive allegations in his complaint, the physician's report opined "to a reasonable degree of medical certainty that [Wolfman] and [Byerly] deviated from the applicable standard of care by: (a) Failing to convert to a diagnostic mammography; and/or (b) Failing to perform additional evaluation including MRI or ultrasound." The physician's report further opined that if Nye "did indeed receive [the radiologist's] report, and was aware of the inverted nipple and brown discharge, the standard of care required her to order appropriate diagnostic testing, including but not limited to: an ultrasound and a diagnostic mammogram." These alleged deviations from the standard of care were the same allegedly negligent acts performed in April 2011, as set forth in plaintiff's complaint. The physician's report did not opine that any failure to abide by the radiologist's recommendation for a "screening mammography in one year, or as clinically indicated," constituted a deviation from the standard of care. We therefore find that, even if we considered the section 2-622 affidavit and physician's report as part of the complaint, the section 2-622 affidavit and physician's report submitted in this case provides no basis from which we might conclude that plaintiff's complaint was timely.

¶ 26 CONCLUSION

¶ 27 In sum, the circuit court properly dismissed plaintiff's complaint as time-barred by both the two-year statute of limitations and the four-year statute of repose. For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 28 Affirmed.