(No. 33261.—

ANN M. FOWLEY *et al.,* Appellants, *vs.* GERTRUDE H. BRADEN *et al.,* Appellees.

*Opinion filed November 18, 1954.*

NEIL H. THOMPSON, of Mt. Vernon, for appellants.

CARL H. PREIHS, of Pana, HARRY C. TEMPLE, MILLER & PFAFF, and ALFRED PFAFF, all of Salem, and LOUIS F. GILLESPIE, of Springfield, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Ann M. Fowley and Gilbert L. Dierson, plaintiffs, filed a complaint against Gertrude H. Braden and others in the circuit court of Christian County seeking to establish ownership of undivided interests in four oil-and-gas leases. This appeal is from an order dismissing the second amended complaint, as amended, upon the ground that the action was barred by the Statute of Frauds. A freehold is directly involved.

Although several complaints and amendments were filed we need only consider plaintiffs' final pleading, which was the second amended complaint as amended.

Such complaint alleged in substance that plaintiffs were engaged in the developing and producing branch of the oil business, that on November 15, 1952, one James L. Braden, who owned or claimed to have the right to purchase four oil-and-gas leases in Christian County, asked plaintiffs to assist in raising funds to pay for the leases and drill a test well thereon, that a verbal agreement was made on December 2, 1952, whereby plaintiffs were to assist in raising funds for such purchase and drilling by selling undivided interests in the leases and that the profits, whether in cash, oil or unsold interests in the leases, were to be divided equally between the two plaintiffs, Braden and one T. M. Pruett.

It was further alleged that Fowley went to Chicago from her office in Centralia, that she contacted certain of "their investors," that at her request Pruett and Braden

made two trips to Chicago, the latter at her expense, that as a result of plaintiffs' efforts $7500 was raised by the sale of 27/64ths working interest in the leases to outside parties, that the funds were deposited in a Centralia bank about December 18, 1952, that two or three days thereafter the leases were purchased in Braden's name with funds advanced by Pruett and that within ten days after acquisition Braden and Pruett agreed with Welker Oil Company that the latter would drill a well for $5300 plus ¼ interest in the leases.

The complaint alleged various assignments of undivided interests in the leases to defraud plaintiffs and charged the purchasers with knowledge. It is also alleged that the $7500 payable to Pruett was withdrawn from the bank by the depositors and redeposited in escrow to be paid Braden and Welker Oil Company, one of the assignees, upon completion of the well and that such change was made with the connivance of the bank to deprive plaintiffs of their interests. Attached to the complaint as exhibits were copies of the leases and an assignment together with copies of two affidavits recorded for the purpose of giving notice of plaintiff's claim.

The complaint concludes with a prayer that plaintiffs be decreed the owners of certain interests in the leases, that the court find the verbal agreement to constitute a joint venture, that a fiduciary relationship existed with respect to the leases acquired by the parties as joint adventurers and for certain collateral relief.

Motions were filed by the defendants to dismiss the action on the ground that the complaint shows that the relief sought is based upon the alleged parol agreement for the assignment of interests in oil-and-gas leases contrary to the Statute of Frauds.

Plaintiffs properly observe that the only question presented is whether the complaint states a cause of action.

If it states a proper cause of action, it must be one that is legally enforceable. Admittedly, the action is based upon a parol agreement relative to the ownership of oil-and-gas leasehold interests, which are freehold estates. (*Transcontinental Oil Co.* v. *Emmerson*, 298 Ill. 394; *Poe* v. *Ulrey*, 233 Ill. 56.) The cause is therefore barred by the Statute of Frauds (Ill. Rev. Stat. 1953, chap. 59, par. 2,) unless it comes within a recognized exception.

The complaint is vague as to the theory upon which plaintiffs rely to avoid the bar of the statute. The prayer asks the court to find that the parties entered into a joint venture but is silent as to any trust created by implication or operation of law. The position assumed in plaintiffs' brief is that sufficient facts are alleged to (a) establish a joint venture, (b) establish performance of the agreement by plaintiffs, (c) establish a constructive trust, and (d) establish a resulting trust.

A number of cases have been cited by plaintiffs to the effect that where parties agree to engage in the business of purchasing and selling real estate for a profit that such agreement constitutes a partnership or joint venture and is not subject to the bar of the statute. It is first necessary to ascertain whether the theory of a partnership or a joint venture can be supported by the complaint.

Two practically identical affidavits dated January 17, 1953, jointly executed by plaintiffs, are attached to the complaint as exhibits "A" and "G" and were filed in the recorder's office of Christian County on January 19, 1953, and March 9, 1953, respectively. Exhibit "F" related that Braden failed and refused to turn over to the affiants a one-half working interest in one lease plus the sum of $5000. Exhibit "G" stated that he failed and refused to turn over a one-eighth interest in three leases. Each affidavit stated that the named consideration "was to be compensation for obtaining monies to drill." Since exhibits constitute a part of the pleadings for all purposes under the Civil Practice

Act (Ill. Rev. Stat. 1953, chap. 110, par. 160,) the effect of the affidavits must be considered.

There is considerable difference of opinion between the parties as to the weight to be given the exhibits. Plaintiffs concede the law generally to be that where there is a variance between the exhibit and the pleading, the exhibit will govern. They contend, however, that there are cases, such as this where the action is not based upon the affidavits of ownership but upon a verbal contract, where the rule does not apply. No cases are cited in support of this view.

We have analyzed a number of cases, some cited by defendants, and others from our own research. Types of exhibits attached in certain cases were as follows: In *Greig* v. *Russell,* 115 Ill. 483, a contract for the sale of real estate sought to be construed as a mortgage; in *Armstrong* v. *Douglas Park Building Ass'n,* 176 Ill. 298, a lease and mortgage involved in a foreclosure; in *Price* v. *Solberg,* 269 Ill. 459, a contract for sale of real estate where specific performance was prayed; in *Lyons* v. *333 North Michigan Avenue Building Corp,* 277 Ill. App. 93, a reorganization plan was exhibited; in *Fetherston* v. *National Republic Bancorp,* 280 Ill. App. 151, advertising and literature were attached in a suit to impose a trust on bank funds; in *Austin* v. *Abrams,* 309 Ill. App. 421, the suit was upon a contract of employment; in *Woods* v. *First Nat. Bank of Chicago,* 314 Ill. App. 340, in an action upon an account which was attached; in *Bertlee Co., Inc.* v. *Illinois Publishing and Printing Co.* 320 Ill. App. 490, a publishing agreement was involved; in *Wuellner* v. *Illinois Bell Telephone Co.* 322 Ill. App. 284, a building contract was being sued upon; and in *Conkling* v. *McIntosh,* 324 Ill. App. 292, a note and trust deed were attached in a suit to foreclose the latter.

In each of the cases it was held that the exhibits control over the facts alleged in the bill or complaint. It will be noted that in each case the exhibit was either the instru-

ment being sued upon or was the basis of plaintiffs' action, while here exhibits F and G were affidavits asserting a certain claim contrary to that alleged in the pleading.

We are not prepared to say that in every case an exhibit will control over inconsistent allegations in the pleading of which it is a part. It is unnecessary to do so in deciding the issue in the case at bar. Pleadings must be construed strictly against the pleader. (*Woods* v. *First Nat. Bank of Chicago,* 314 Ill. App. 340; *Klein* v. *Chicago Title & Trust Co.* 295 Ill. App. 208.) The sworn exhibits indicate that at the time of their execution plaintiffs were claiming under a contract for employment. Such claim is diametrically opposed to the contention that the facts alleged in the complaint proper justify a holding that the parties were joint adventurers. Even if it be said that the exhibits do not have priority, they are an integral part of the complaint and must be so considered. The statements made in the affidavits negate the theory of a joint venture. At least one offsets the other. The inevitable conclusion is that the entire pleading, when considered as a whole, is inconsistent. The exhibits indicated a contract for services while the complaint pleads a joint venture.

The plaintiffs argue that either a resulting or constructive trust was established in their favor. A review of the authorities will indicate that the two are incompatible and arise by operation of law in entirely different manners.

It has long been established that a resulting trust must arise immediately upon the vesting of title. (*Kohlhaas* v. *Smith,* 408 Ill. 535; *Brod* v. *Brod,* 390 Ill. 312.) It usually comes into being when one furnishes the consideration for the purchase of property while the conveyance is taken in the name of another. (*Kane* v. *Johnson,* 397 Ill. 112; *Houdek* v. *Ehrenberger,* 397 Ill. 62; *Fields* v. *Fields,* 415 Ill. 324.) There is no contention that plaintiffs paid any part of the $7500. It was put up by their "investors" not as a loan to them nor an advance in their behalf, but was

without obligation of any kind on their part. In fact the leases were not even acquired until after the funds had been made available. Likewise, the services allegedly furnished by plaintiffs were performed prior to such acquisition. Such services may have constituted a consideration in Braden's favor but they formed no part of the consideration paid for the leases. It is evident therefore that no trust resulted in favor of plaintiffs.

Let us next consider plaintiffs' contention that a constructive trust has arisen in their favor. Constructive trusts arise by operation of law from circumstances which stamp the conduct of a person as unfair and wrongful and permit him to take advantage of another. They are divided into two general classes. One, where actual fraud is considered as equitable ground for raising the trust, and the other, where the existence of a confidential relation and the subsequent abuse of the confidence reposed are sufficient to establish the trust. *Kester* v. *Crilly,* 405 Ill. 425; *Brod* v. *Brod,* 390 Ill. 312.

It is charged that a fiduciary relationship existed. The facts alleged indicate that each of the parties knew the oil business, and nothing was pleaded which indicated that plaintiffs were not familiar with the basic rules of law regarding contracts involving real estate. Titles, their acquisition, clearing and development for oil, are the basic stock in trade of oil operators. The allegations are insufficient to justify a holding that a confidential relationship existed within the meaning of the law.

No acts of actual fraud are pleaded. The complaint alleges that an oral agreement was entered into and that the leases were fraudulently assigned to others. As we said in *Kester* v. *Crilly,* 405 Ill. 425, at page 431: "The rule is uniformly recognized that where one acquires legal title to real estate upon an honestly made oral promise to convey to another and subsequently denies his promise or refuses to perform, in the absence of anything more, the law of

express trusts applies, the Statute of Frauds (Ill. Rev. Stat. 1949, chap. 59, par. 9,) renders the oral trust void, and equity is powerless to create a constructive trust. (*Stein* v. *Stein*, 398 Ill. 397; *Miller* v. *Miller*, 266 Ill. 522.)"

The case of *Nelson Development Co.* v. *Ohio Oil Co.* 45 Fed. Supp. 933, is very similar to the case at bar in that it involved an oral agreement to procure and convey certain leases. The decision was based upon a number of Illinois decisions and held that the contract was merely an executory oral contract, unaccompanied by fiduciary relationship, and therefore within those cases of which the Statute of Frauds prevents recognition. Since no fiduciary relationship existed, such as would arise had the parties been partners or joint adventurers, and no acts amounting to fraud are alleged, particularly in view of the sworn statements in the exhibits, it is our opinion that the complaint does not allege facts which would support a constructive trust.

One other suggestion merits attention. Plaintiffs maintain that when there has been complete performance under an oral contract, even for the future conveyance or devise of land, that such contract is not subject to the bar of the statute. The cases of *Anson* v. *Haywood*, 397 Ill. 370, *Fleming* v. *Dillon*, 370 Ill. 325, and *Mayo* v. *Mayo*, 302 Ill. 584, are cited in support of this suggestion. In each of those cases there was a promise to devise property in return for staying with the person and caring for them until death. The services in the *Anson case* extended over a period of 25 years, in the *Fleming case* about 16 years, and in the *Mayo case* 14 years, of which only five years' service could be compensable. In each case great personal sacrifice was indicated and it was held that the statute could not be invoked as a defense in equity where the effect would be to accomplish a fraud.

The facts in the foregoing cases are quite dissimilar to the case at bar. Here the services consisted of two trips

to Chicago to raise funds and an advance of expenses to Braden. The loss consisted almost entirely of an opportunity to make a profit which could be estimated and was compensable in an action at law. It has been pointed out in a number of specific performance cases that personal services, the value of which may be estimated or for which a recovery can be had at law, will not take a contract out of the Statute of Frauds because the law affords an adequate remedy. *Linder* v. *Potier,* 409 Ill. 407; *Yaeger* v. *Lyon,* 337 Ill. 271; *Winans* v. *Bloomer,* 321 Ill. 76.

Possibly counsels' statement that hundreds of similar oral contracts are consummated in the oil industry every year and are kept by the parties is true. While the acts of certain of the defendants, if true as alleged, are reprehensible and not to be condoned, we cannot ignore long-established principles of law which apply here.

The decree of the circuit court of Christian County is affirmed.

*Decree affirmed.*