FANNIE JONES, Petitioner-Appellant, v. EARL LAZERSON, as President of Southern Illinois University at Edwardsville, *et al.*, Respondents-Appellees.

Fifth District   No. 5—89—0194

Opinion filed August 27, 1990.—Rehearing denied September 24, 1990.

Allen J. Oehlert, of Deffenbaugh, Loewenstein, Hagen, Oehlert & Smith, P.C., of Springfield, for appellant.

John L. Gilbert and Debra J. Meadows, both of Reed, Armstrong, Gorman, Coffey, Thomson & Gilbert, P.C., of Edwardsville, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Petitioner, Fannie Jones, filed a petition in the circuit court of Madison County for a writ of *certiorari* to review the decision by Southern Illinois University at Edwardsville (SIU-E) not to renew her employment contract. Named as respondents were Earl Lazerson, president of SIU-E; Lawrence Pettit, chancellor of Southern Illinois University; and the Southern Illinois University Board of Trustees. On respondents' motion, the court dismissed the petition. Petitioner then filed an amended petition, which was dismissed as well. Petitioner now appeals. We reverse and remand for further proceedings.

Petitioner was employed by SIU-E as a child care worker in the university's child development program. Petitioner's petition for a writ of *certiorari*, as amended, alleges that on June 12, 1987, petitioner was informed that she would be removed from her classroom assignment pending an investigation into allegations that she had abused a child. She was summarily sent home and was never allowed to return to work.

By letter dated June 23, 1987, petitioner was informed that the investigation into the allegations against her had been completed and that her term employment contract would not be renewed. According to petitioner, however, this was not an ordinary case of contract nonrenewal. She claims that she was actually fired "for cause" and that the university's attempt to characterize her termination as a case of contract nonrenewal was simply an artifice to evade the procedural requirements applicable to employees whose termination was based on "cause."

Petitioner instituted a grievance proceeding against SIU-E on July 9, 1987, in accordance with the university's personnel policies applicable to professional staff employees. On December 23, 1987, the

grievance panel rendered its findings and recommended that petitioner's grievance be denied. Petitioner alleges that the grievance panel was wholly without jurisdiction to reach its findings and recommendation because the university did not follow the "just cause" dismissal procedures set forth in the personnel policies of SIU-E. In particular, petitioner avers that the requisite hearing was not held, no just cause for dismissal was found, the burden of proof was improper, and petitioner was not afforded her fundamental due process rights.

Petitioner alleges that respondent Lazerson nevertheless accepted the grievance panel's recommendation and that her grievance was thereby denied. Petitioner's subsequent effort to appeal the denial of her grievance to respondent Southern Illinois University Board of Trustees failed. Her petition for a writ of *certiorari* followed.

Attached to the petition, as amended, are numerous documents. These include a copy of the university's notice of nonrenewal of petitioner's contract, petitioner's grievance, the grievance panel's findings and recommendation, and respondent Lazerson's written decision accepting the panel's recommendation. Also attached are various matters which were presented in the course of the grievance procedure, such as the personnel policies applicable to professional staff employees of SIU-E, statements and letters from petitioner and others regarding the events leading up to the termination of petitioner's services, evaluations of petitioner's work, written arguments submitted by petitioner's attorney, and copies of some case law.

Respondents opposed petitioner's amended petition, just as they had moved, successfully, for the dismissal of petitioner's original petition. As grounds for dismissal of the original petition, respondents had argued: (1) that subject matter jurisdiction over the case lay in the Court of Claims, not the circuit court, because the Court of Claims has exclusive jurisdiction over all claims arising out of any contract with the State and petitioner's claim arose out of her employment contract; (2) that it would be improper for the circuit court to consider the merits of the grievance panel's decision; (3) that an action for a writ of *certiorari* does not lie here because the grievance panel had jurisdiction to hear petitioner's grievance, did not exceed that jurisdiction and acted in accordance with the university's procedures; (4) that an action for writ of *certiorari* does not lie to review the exercise of discretion by a public official, and the decision not to renew petitioner's employment contract in this case was such a discretionary act; and (5) that the grant of a writ of *certiorari* is discretionary with the court and is not appropriate in this case. Attached to the motion to dismiss was a copy of petitioner's employment contract

setting forth the term of her employment. Also attached to the motion to dismiss was a copy of the faculty grievance procedure of SIU-E.

In ruling on respondents' motion to dismiss the original petition, the court considered the employment contract which had been attached to respondents' motion to dismiss. Petitioner objected, arguing that while consideration of such documents might be proper on a motion for summary judgment, it is not proper on a motion to dismiss. Respondents countered by asserting that this could, in fact, be regarded as a summary judgment motion. The court, however, did not address this problem. It simply determined that the contract could be taken into account because "it is fundamental to the controversy herein."

The court then found that petitioner's employment was for a term of one year from July 1, 1986, through June 30, 1987. The court further found the language of the personnel policies applicable to professional staff employees of SIU-E, which was attached to petitioner's petition, "to be clear and unambiguous that the renewal of [p]etitioner's term appointment was discretionary with [the university]" and that petitioner's contract had simply not been renewed. In the court's view, petitioner had not pleaded facts which would substantiate that the university's grievance panel had "exceeded its jurisdiction" or would justify removal from the university of its discretion not to renew petitioner's contract. Accordingly, the court found that the petition for writ of *certiorari* was insufficient. It did not simply dismiss the petition, however. It denied the petition on the merits.

With respect to the amended petition subsequently filed by petitioner, the circuit court reached the same result. In so doing, the court adopted the same reasons contained in the order dismissing the original petition. The court further found that petitioner had failed to demonstrate any cognizable interest in continued employment because her term employment was not terminated prior to the end of her term and she had received all benefits owed to her during that term. The court also determined that the action of SIU-E in not renewing petitioner's term contract was the discretionary act of a public official and not subject to review by writ of *certiorari*. This appeal followed.

■ On this appeal, respondents persist in their assertion that subject matter jurisdiction over this case lay with the Court of Claims, not the circuit court. We disagree. Although petitioner had a contract with SIU-E, hers is not a breach of contract claim. Nor is it a damage action sounding in tort. Through her amended petition, petitioner asks only for review of the propriety of SIU-E's decision not to renew

her employment, a decision which she claims was made in violation of her basic due process rights. Such matters do not fall within the exclusive jurisdiction of the Court of Claims. (Ill. Rev. Stat. 1987, ch. 37, par. 439.8.) Whether the termination, "lay off," or nonrenewal of an employee of the State or a State agency was made in accordance with the applicable law is, instead, subject to judicial review in the circuit court. See *Penrod v. Department of Corrections* (1979), 72 Ill. App. 3d 649, 391 N.E.2d 59.

■ Although this matter was properly before the circuit court, the circuit court's judgment cannot be sustained. Common-law *certiorari* is not limited to consideration of whether an inferior tribunal acted within its jurisdiction or proceeded according to the governing procedural rules. Our supreme court has expressly held that the substantial differences that at one time existed between common-law and statutory *certiorari* have been all but obliterated. (*Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 541, 367 N.E.2d 1286, 1293.) As the court recently reiterated, the purpose of the writ was, and is, to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether that body proceeded according to the applicable law. *Stratton v. Wenona Community Unit School District No. 1* (1990), 133 Ill. 2d 413, 427, 551 N.E.2d 640, 645.

■ In making such a determination, a court which has been presented with a petition for *certiorari* may consider whether the decision of the inferior tribunal is supported by the evidence which was adduced before that tribunal. The scope of review is well established.

> " 'In a common-law *certiorari* proceeding the trial judge determines from the record alone whether there is any evidence fairly tending to support the order reviewed and cannot set aside the order unless it is palpably or manifestly against the weight of the evidence.' " (*Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11, 15, 338 N.E.2d 186, 188, quoting *Superior Coal Co. v. O'Brien* (1943), 383 Ill. 394, 400-01, 50 N.E.2d 453, 457.)

That this is so has previously been acknowledged by our court. See *Maddox v. Williamson County Board of Commissioners* (1985), 131 Ill. App. 3d 816, 822-23, 475 N.E.2d 1349, 1354.

■ Although the sufficiency of the evidence is a proper consideration on review of an order brought before the court pursuant to a petition for a writ of *certiorari*, the circuit court here erred in deciding the merits of the case, as it did, based on the sufficiency of the evidence underlying petitioner's claim. This is so because the matter

was not before the court for a final decision following a trial on the merits. It was before the court on SIU-E's motion to dismiss, which was apparently brought under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Motions made under that statute must be limited to one of the nine grounds enumerated therein. (*Rowan v. Novotny* (1987), 157 Ill. App. 3d 691, 694, 510 N.E.2d 1111, 1113.) Among those nine grounds is lack of jurisdiction (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(1)), and SIU-E has challenged the subject matter jurisdiction of the circuit court. As we have noted, however, subject matter jurisdiction was proper here.

The only other basis for dismissal under section 2—619 which might conceivably be relevant is that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9).) The problem with application of this subsection of the rule is that no such "affirmative matter" was established here.

As this court has recently held, "affirmative matter" within the meaning of section 2—619(a)(9) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)) is something in the nature of a defense that negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. It must, however, be something more than evidence offered to refute a well-pleaded fact in a complaint, for, as in the case of a motion under section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), such well-pleaded facts must be taken as true for the purposes of a motion to dismiss under section 2—619(a)(9) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)). *Brown v. Morrison* (1989), 187 Ill. App. 3d 37, 39, 542 N.E.2d 1308, 1310.

In this case, respondents did not heed these principles. Instead, they attempted to refute the facts upon which petitioner based her amended petition for a writ of *certiorari* and thereby defeat the petition on the merits. In support of their claim that a writ of *certiorari* should not issue here, respondents attempted to show, for example, that petitioner was incorrect in her contention that she was actually dismissed for cause. They asserted that under the circumstances present here, petitioner had no protected interest in continued employment, and they argued that the decision to terminate petitioner's employment lay entirely within the university's discretion, a point which petitioner vigorously contends could not be sustained under the facts if the matter were subject to a full and complete hearing.

Such a factual attack on petitioner's claim was not proper even though the facts invoked by respondents were included in the

exhibits attached to petitioner's amended petition. This is so for two reasons. First, if the petition were fatally defective because of factual allegations incorporated therein through attached exhibits, this would be tantamount to saying that the petition fails to state a cause of action, a matter properly raised under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), not section 2—619 (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). *Rowan v. Novotny* (1987), 157 Ill. App. 3d 691, 694, 510 N.E.2d 1111, 1113.

Second, this is not a situation in which the facts contained in the exhibits can be taken as true. We acknowledge that exhibits which are attached to a pleading constitute a part of the pleading for all purposes (Ill. Rev. Stat. 1987, ch. 110, par. 2—606), and that where allegations in a complaint conflict with facts contained in an exhibit, the exhibit controls (*McCormick v. McCormick* (1983), 118 Ill. App. 3d 455, 460, 455 N.E.2d 103, 108). Nevertheless, this is not a case where the exhibits consist of an instrument which is being sued upon, such as a contract in a breach of contract action. Here the appended exhibits consist simply of examples of the evidence supporting petitioner's allegations. The facts contained in such exhibits are not controlling, and the court should not assume those facts to be true. (118 Ill. App. 3d at 460-61, 455 N.E.2d at 108.) That this is so becomes particularly evident when one considers that some of the attached exhibits themselves conflict with one another as to certain facts relevant to the case. If all of the facts in the exhibits had to be regarded as true, the court would be placed in the untenable position of having to accept the veracity of completely inconsistent propositions.

If respondents believed that there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law, what they should have done is brought a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005). (*Brown v. Morrison* (1989), 187 Ill. App. 3d 37, 40, 542 N.E.2d 1308, 1310.) They did not do so. While respondents indicated in a letter to the circuit court that their original motion to dismiss could be treated as a motion for summary judgment, summary judgment was not mentioned with respect to the amended petition, and the court did not purport to be granting summary judgment when the amended petition was dismissed. If there is any uncertainty in this regard, one need but observe that in dismissing the amended petition, the court gave leave to petitioner to replead. Petitioner opted to stand on her amended petition, and the dismissal order, by its terms, thereupon became final. The point is simply that allowing such leave to replead would have been com-

pletely nonsensical in the context of a summary judgment order.

■ Even if the circuit court's order could be construed as one granting summary judgment, that order still could not be sustained. As has often been held, summary judgment should be granted with caution so that the right to trial of conflicting facts and inferences is not usurped. Only when the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law should summary judgment be awarded. (*Haberer v. Village of Sauget* (1987), 158 Ill. App. 3d 313, 316-17, 511 N.E.2d 805, 807.) This standard was not met here.

As we indicated at the outset of this opinion, petitioner's request for a writ of *certiorari* is premised on the proposition that she was fired "for cause," but was denied the procedural protections which are required in "for cause" terminations. Respondents, on the other hand, assert that they simply exercised their discretion not to renew petitioner's contract after it expired, that petitioner had no protected interest in continued employment by the university, and that petitioner was therefore not entitled to any additional due process protections when her employment terminated.

■ Genuine issues of fact remain on these questions. For example, while respondents deny that petitioner was fired "for cause," the university's grievance panel itself expressly indicated in its written findings that respondents' position was not valid and that "the administration's decision not to renew her contract was based upon events, allegations and charges—in other words, for cause."

A genuine issue likewise exists as to the nature of petitioner's employment. Although it may be true that petitioner's contract was for a term of only one year, it is by no means clear that respondents had an unfettered right to end petitioner's employment when the term expired. The professional staff personnel policy of SIU-E, for example, states that "[i]f the need for [a] position continues, the nonrenewal of a term appointment will not be allowed solely to permit the appointment of a new employee to fill the position." Arguably this can be read to mean that, except where a position is eliminated, some reason must exist before a term appointment will not be renewed. Such an interpretation is supported by petitioner's assertion, set forth in her grievance, that "[i]t has been the past pattern and practice that employees of the Child Development Program are routinely retained from year to year unless they are dismissed for cause or quit." While respondents protest that petitioner adduced no evidence, other than her own statement, to support this claim, we note that they offered

no evidence to refute it either. In view of these disputed factual matters, it can scarcely be said as a matter of law that petitioner had no protected interest in continued employment or that she received all of the procedural rights she was due.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

WELCH and CHAPMAN, JJ., concur.