JUDY GARRISON, Indiv. and as Independant Adm'r of the Estate of Betty Garrison, Plaintiff-Appellant, v. JOONG H. CHOH *et al.*, Defendants-Appellees.

First District (2nd Division)  No. 1—98—1100

Opinion filed September 30, 1999.

___

Kenneth C. Chessick and Cary S. Chessick, both of Law Office of Kenneth C. Chessick, of Schaumburg, and Richard M. Goldwasser, of Law Office of Richard M. Goldwasser, of Chicago, for appellant.

Julie L. Trester and Robert P. Huebsch, both of Querrey & Harrow, Ltd., of Chicago, for appellees.

JUSTICE GORDON delivered the opinion of the court:

The plaintiff, Judy Garrison, individually and as independent administrator of the estate of Betty Garrison, deceased, filed two medical malpractice actions, subsequently consolidated, against the named defendants. On the eve of trial, defendant Douglas Travis, M.D., Betty's primary care physician, filed a motion *in limine* seeking to exclude all evidence pertaining to his treatment of Betty prior to July 30, 1991, arguing that the plaintiff's amended complaint did not refer-

ence such conduct. (The health professional's report appended to the attorney's affidavit attached to the amended complaint, as required by section 2—622 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—622 (West 1992)), identified conduct by Travis that occurred during the three months preceding July 30, 1991, and set forth an opinion relative to that treatment.) The trial court granted the motion *in limine,* and the matter proceeded to trial. Thereafter, the jury returned a verdict in favor of all of the defendants, and the trial court entered judgment on the verdict. The plaintiff appeals the trial court's ruling with respect to defendant Travis. The sole issue she raises is whether a written report prepared by a health professional and attached to the section 2—622 affidavit (735 ILCS 5/2—622 (West 1992)) constitutes part of the complaint.[1] This issue is one of first impression. For the reasons discussed below, we find that the health professional's report and the section 2—622 affidavit to which it is attached do not constitute part of the complaint.

## BACKGROUND FACTS

Betty Garrison, the decedent, died on August 2, 1991, at the age of 45 following surgery to repair a dissecting aneurysm in her ascending aorta. Betty's daughter, Judy, filed suit against defendant Travis on August 2, 1993, alleging that "[o]n or about July 30, 1991, and thereafter" Travis rendered medical treatment to Betty, who was experiencing chest pain. The complaint alleged that Travis hospitalized Betty at Sherman Hospital on July 30, 1991, and diagnosed a ruptured aneurysm of the ascending aorta on July 30, 1991. (Betty was transferred to another hospital where surgery was performed upon her by another surgeon on August 1, 1991, and where she subsequently died on August 2, 1991.) The complaint alleged, among other things, that Travis failed to take a reasonable history of Betty upon her admission to the hospital, failed to reasonably perform a physical examination upon admission to the hospital and periodically thereafter, failed to reasonably monitor Betty's medical condition, failed to perform necessary emergency surgery to treat the leaking aneurysm, failed to arrange for emergency transfer to another hospital, and failed to inform Betty that he was not qualified to manage her condition. The complaint further alleged that, as a result of Travis' negligence, Betty suffered severe complications of heart and lung disease that resulted in her death. Plaintiff's complaint did not have attached to it the at-

---

[1]Plaintiff's notice of appeal named all of the defendants as appellees. Pursuant to motion, this court dismissed plaintiff's appeal as to all of the defendants except Doctor Douglas Travis.

torney's certification and health professional's report required by section 2—622 of the Code. 735 ILCS 5/2—622 (West 1992).

On October 1, 1993, plaintiff filed an amended complaint pursuant to leave of court. That complaint was identical to that which was filed on August 1, 1993, except that attached thereto was the attorney's affidavit and health professional's report. The attorney's affidavit averred that a physician and surgeon licensed to practice medicine and knowledgeable concerning the issues in the case reviewed the medical records and that there was "a reasonable and meritorious cause for filing suit against Douglas Travis." Referenced in the affidavit and attached thereto was a letter from the physician. In his letter the physician stated that he had reviewed the medical records relative to Betty Garrison and had concluded that a reasonable and meritorious basis existed for the filing of the complaint. The physician's letter also stated the following:

"I base this opinion upon the facts that Dr. Travis saw Betty Garrison on April 26, 1991, May 9, 1991, and May 28, 1991, during which times she complained of chest pain and severe hypertension which was negligently evaluated by history, physical examination and testing. When Mrs. Garrison was admitted to the hospital, there was a negligent delay in evaluating her persistent chest pains. Mrs. Garrison was admitted to Sherman Hospital on July 23, 1991, at which time she had a chest xray [sic]. She had a second chest xray [sic] on July 25, 1991 and an xray [sic] of her esophagus and stomach on July 27, 1991. The delay in evaluation and diagnosis caused and contributed to the death of the patient."

During discovery, plaintiff's experts, who were deposed by Travis, discussed and criticized Travis' treatment of Betty on April 26, 1991, May 28, 1991, and July 23, 1991. Defendant's answers to plaintiff's Supreme Court Rule 220 interrogatories (134 Ill. 2d R. 220) showed that the defendant's experts would rebut the opinions of plaintiff's experts regarding the defendant's care of Betty prior to and subsequent to her hospitalization at Sherman. On March 19, 1997, on the eve of trial, Travis filed a motion *in limine* seeking to exclude at trial any direct or indirect reference to his treatment of Betty prior to July 30, 1991. Travis argued that exclusion was proper because the plaintiff's complaint alleged only that he was negligent " 'on July 30, 1991 and thereafter.' " He contended that the plaintiff could not amend her complaint to include treatment prior to July 30, 1991, because the amendment would violate the statute of limitations and repose since pre-July 30, 1991, conduct did arise out of the same transaction or occurrence as the post-July 30, 1991, conduct. The trial court granted Travis' motion and denied plaintiff leave to file an amended complaint

to include pre-July 30, 1991, conduct by Travis. The court allowed the plaintiff to make an offer of proof regarding evidence of treatment rendered to Betty by Travis prior to July 30, 1991. The jury returned a verdict against the plaintiff and in favor of all of the defendants including Travis.

## ANALYSIS

The instant case raises the question of whether a written report of a health professional appended to a section 2—622 affidavit which is attached to a medical malpractice complaint is considered part of the complaint.[2] We hold that it is not.

■ Section 2—622 of the Code requires that a medical malpractice plaintiff attach to the complaint an attorney affidavit (or affidavit of the plaintiff if the plaintiff is *pro se*), declaring:

> "That the affiant has consulted and reviewed the facts of the case with a health professional ***; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for [*sic*] filing of such action." 735 ILCS 5/2—622(a) (West 1992).

Section 2—622(a) further provides:

> "A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached." 735 ILCS 5/2—622(a) (West 1992).

The plaintiff contends that the health professional's report attached to her medical malpractice complaint should be treated as an exhibit to the complaint for purposes of section 2—606 of the Code,

---

[2]In *Heigert v. Riedel*, 206 Ill. App. 3d 556, 558, 565 N.E.2d 60, 62 (1990), the court stated "the courts have yet to decide whether the materials required by section 2—622 of the Code of Civil Procedure [citation] are sufficiently analogous to 'exhibits' in the conventional sense to fall within this rule." The *Heigert* court did not resolve that question because the defendants-appellants, who had raised it in the trial court, did not argue it on appeal. Noting that the defendants cited to factual matters contained in the written doctor's report attached to the complaint in support of their argument that the plaintiff's complaint failed to state a cause of action, the court assumed that the section 2—622 materials were to be treated as exhibits and taken as true for purposes of that appeal.

which provides that exhibits are considered to be part of a complaint. See 735 ILCS 5/2—606 (West 1996). She contends that the health professional's report should be treated as an exhibit because her claim was founded on the report.

■ Section 2—606 of the Code requires that a written instrument upon which a claim or defense is founded must be attached to the pleading as an exhibit or recited therein. If the instrument is attached to the pleading as an exhibit, it constitutes part of the pleading for purposes of ruling on motions relating to the pleadings and for purposes of determining what issues have been raised for trial. 735 ILCS 5/2—606 (West 1996). See *F.H. Prince & Co. v. Towers Financial Corp.*, 275 Ill. App. 3d 792, 797, 656 N.E.2d 142, 146 (1995); *Evers v. Edward Hospital Ass'n*, 247 Ill. App. 3d 717, 724, 617 N.E.2d 1211, 1217 (1993); 3 R. Michael, Illinois Practice § 23.9, at 332-33 (1989). The exhibits to which section 2—606 applies generally consist of instruments being sued upon, such as contracts or agreements. See, *e.g., Farm Credit Bank v. Biethman*, 262 Ill. App. 3d 614, 634 N.E.2d 1312 (1994) (promissory note and deed of trust); *F.H. Prince & Co.*, 275 Ill. App. 3d 792, 656 N.E.2d 142 (settlement agreement, promissory note and guaranty); *McCormick v. McCormick*, 118 Ill. App. 3d 455, 455 N.E.2d 103 (1983) (trust instrument). For a more extensive listing of the types of agreements upon which the claim was founded, see *Fowley v. Braden*, 4 Ill. 2d 355, 359, 122 N.E.2d 559, 562 (1954). In the case of a conflict between such written exhibits and the allegations of a pleading, the exhibits control. *E.g., F.H. Prince & Co.*, 275 Ill. App. 3d at 797, 656 N.E.2d at 146.

■ While the obligation of section 2—606 to attach a written instrument to the complaint is limited to documents on which a claim or defense is based, a party is not prohibited from attaching any written document to the complaint. See generally 3 R. Michael, Illinois Practice § 23.9, at 332 (1989). Any document attached to the pleading will be treated as part of the pleading if the pleading specifically incorporates it by reference. "To incorporate a document as an exhibit, the pleading must refer to a specifically identified instrument and must clearly manifest an intent to incorporate it as a part of that pleading." 3 R. Michael, Illinois Practice § 23.9, at 331-32 (1989). See *Wolford v. Household Finance Corp.*, 105 Ill. App. 3d 1102, 1105, 435 N.E.2d 528, 530 (1982); *Camp Creek Duck Farm, Inc. v. Shell Oil Co.*, 103 Ill. App. 3d 81, 86, 430 N.E.2d 385, 388 (1981). When the exhibit is not an instrument upon which the claim or defense is founded but, rather, is merely evidence supporting the pleader's allegations, the rule that the exhibit controls over conflicting averments in the pleading is inapplicable. See, *e.g., In re Estate of Davis*, 225 Ill. App. 3d 998,

1003 (1992) (the court need not accept as true the facts set forth in exhibits upon which the complaint is not founded); *McCormick*, 118 Ill. App. 3d at 460-61, 455 N.E.2d at 108-09 (finding exhibits totalling 150 pages were not conclusive because they were not instruments upon which the claim was based); see also 3 R. Michael, Illinois Practice § 23.9, at 334 (1989).

In *Jones v. Lazerson*, 203 Ill. App. 3d 829, 561 N.E.2d 151 (1990), for example, the court held that the exhibits attached to the petition did not control over inconsistent allegations in the petition. The petitioner, who sought review of her employer's decision not to renew her contract, had attached several exhibits, including the notice of nonrenewal of her contract, her grievance, the grievance panel's findings and recommendation, and the decision of her employer accepting the panel's recommendation. Finding that the facts in those exhibits should not be taken as true for purposes of the dismissal motion, the court stated:

> "We acknowledge that exhibits which are attached to a pleading constitute a part of the pleading for all purposes (Ill. Rev. Stat. 1987, ch. 110, par. 2—606), and that where allegations in a complaint conflict with facts contained in an exhibit, the exhibit controls (*McCormick v. McCormick* (1983), 118 Ill. App. 3d 455, 460, 455 N.E.2d 103, 108). Nevertheless, this is not a case where the exhibits consist of an instrument which is being sued upon, such as a contract in a breach of contract action. Here the appended exhibits consist simply of examples of the evidence supporting petitioner's allegations. The facts contained in such exhibits are not controlling, and the court should not assume those facts to be true. [Citation.]" *Jones*, 203 Ill. App. 3d at 836, 561 N.E.2d at 155.

*Cf. Sangamon County Fair & Agricultural Ass'n v. Stanard*, 9 Ill. 2d 267, 275-76, 137 N.E.2d 487, 493 (1956) (excerpts of legislative journals attached as noninstrument exhibits, seemingly evidentiary in nature, found to be conclusive since "[t]he parliamentary history of an act or bill in the legislative journals is the only evidence that is recognized by the courts in this State, and the journals cannot be aided or contradicted by other documents or evidence of any kind").

In the instant case, the health professional's report, although attached to the complaint, is not an exhibit to the complaint and therefore cannot supply factual allegations missing from the face of the complaint. First, the report does not constitute an exhibit upon which the plaintiff's claim was founded. Her claim was not founded on the report; it was founded on the acts of the defendant which were alleged to have been negligent. Second, the report was not delineated as

an exhibit to the complaint nor was it specifically incorporated by reference into the complaint. There were no allegations or averments in the complaint framing the issues based on the report or, for that matter, referring in any way to the report. Nor did the prayer for relief in the complaint seek damages predicated on the alleged negligent acts set forth in the report. Moreover, as will be discussed in greater detail below, the report was not offered as an attachment to the complaint. It was offered in support of the certification of plaintiff's counsel which, under section 2—622 of the Code, was a prerequisite to the filing of the complaint.

The fact that the health professional's report and the attorney's affidavit to which it was attached were not delineated as exhibits makes plaintiff's reliance on *McCormick*, 118 Ill. App. 3d 455, 455 N.E.2d 103, misplaced. The plaintiff cites to a general statement in *McCormick*, which was supported by citation to *Fowley v. Braden*, 4 Ill. 2d 355, 360, 122 N.E.2d 559, 562 (1954), that a "sworn affidavit" attached to a complaint controls over allegations in the complaint. *McCormick*, 118 Ill. App. 3d at 460, 455 N.E.2d at 108. We believe *McCormick* does not correctly reflect the holding in *Fowley* relative to the weight to be given affidavits appended to a complaint as exhibits.

*Fowley* involved a dispute regarding ownership interests in oil and gas leases. The plaintiffs alleged in their complaint that they owned an undivided interest in various oil and gas leases pursuant to a joint venture. They attached to their complaint two affidavits that they had recorded for the purpose of giving notice of their claim to the oil and gas leases. *Fowley*, 4 Ill. 2d at 357, 122 N.E.2d at 561. Averments in the affidavits conflicted with allegations in the plaintiffs' complaint in that the affidavits showed that the plaintiffs claimed an interest in the oil leases as compensation under a contract for employment with the defendants. While addressing the issue of the weight to be given the affidavits, the court recognized that they were neither instruments being sued upon nor the bases of plaintiffs' action. However, contrary to the reading of the *McCormick* court, *Fowley* did not hold that those affidavits controlled over the inconsistent allegations in the complaint. The court specifically noted that it was "not prepared to say that in every case an exhibit will control over inconsistent allegations in the pleading of which it is a part." *Fowley*, 4 Ill. 2d at 360, 122 N.E.2d at 562. It stated that it was unnecessary to decide that issue because, even if the affidavits were not instruments upon which the plaintiffs' claim was founded, they were nonetheless incorporated into the complaint to be considered together with the other allegations set forth on the face of the complaint. Accordingly, the *Fowley* court found that, when viewed as a whole, the complaint contained inconsistent allega-

tions, neither of which controlled, and, as a result, was deficient in alleging a legal relationship between the parties. *Fowley*, 4 Ill. 2d at 360, 122 N.E.2d at 562. Thus, *Fowley* did not give preeminence to affidavits attached as exhibits to a complaint.

Moreover, even if *Fowley* could be interpreted as holding that an affidavit attached to a complaint as an exhibit controls over the allegations in the complaint, that holding would not require a different result here. In *Fowley*, as discussed, the affidavits clearly were attached as exhibits to the complaint and were labeled as such, whereas here, neither the attorney's affidavit/certificate nor the health professional's report was in fact an exhibit or delineated as such and there was no demonstrable attempt by the plaintiff to incorporate either document into her complaint. See 3 R. Michael, Illinois Practice § 23.9, at 331-32 ("[t]o incorporate a document as an exhibit, the pleading must refer to a specifically identified instrument and must clearly manifest an intent to incorporate it as part of that pleading").

Plaintiff's purpose in attaching the attorney's certificate and the health professional's report was not to bolster or enhance her complaint but to satisfy the requirements of section 2—622 of the Code. The legislative history of that provision shows that its purpose was to eliminate frivolous lawsuits at the pleading stage before expenses of litigation have mounted. 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 406 (statements of Representative Hawkinson). See also, *e.g., McAlister v. Schick*, 147 Ill. 2d 84, 91, 588 N.E.2d 1151, 1154 (1992); *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 65, 588 N.E.2d 1139, 1142 (1992); *Cato v. Attar*, 210 Ill. App. 3d 996, 998, 569 N.E.2d 1111, 1113 (1991). To that end, the statute requires a litigant to submit, in a timely manner, certification declaring the meritorious basis for the alleged cause of action. *DeLuna*, 147 Ill. 2d at 70-71, 588 N.E.2d at 1145. As explained in *DeLuna*:

> "[O]btaining a health professional's review pursuant to section 2—622 would appear, in many cases, to be a necessary concomitant of fulfilling the separate obligation, imposed first by statute [(Ill. Rev Stat. 1987, ch. 110, pars. 2—611, 2—611.1)] and now by rule [(134 Ill. 2d R. 137)], requiring that pleadings, motions, and other papers be based on fact and filed in good faith." *DeLuna*, 147 Ill. 2d at 71, 588 N.E.2d at 1145.

The requirements of section 2—622 "are simply a means of ensuring the factual validity of the plaintiff's allegations." *McAlister*, 147 Ill. 2d at 99, 588 N.E.2d at 1158.

In accordance with this stated purpose, the report of the health professional acts only to certify that the plaintiff's action has reasonable merit. *DeLuna*, 147 Ill. 2d at 69, 588 N.E.2d at 1144. While the

health professional's report must set forth the reasons for that determination (735 ILCS 5/2—622 (West 1992)), those reasons cannot be said to be incorporated into the complaint for purposes of determining the misconduct of the defendant for which the plaintiff seeks recovery. To hold otherwise would make the health professional a drafter of the pleading and legal counsel to the plaintiff, a result which clearly was not intended by the legislature and which would make little sense, given the lack of the health professional's knowledge of the practice of law.

That the legislature never intended for the section 2—622 attorney affidavit and health professional report to be considered part of the complaint for all purposes is further evidenced, as the defendant contends, by the fact that the legislature made the failure to file those documents grounds for dismissal under section 2—619 rather than section 2—615 of the Code (735 ILCS 5/2—619, 2—615 (West 1992)). See 735 ILCS 5/2—622(g) (West 1992) ("[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619")). As the defendant asserts, "if the section 2—622 certificate was intended to be an integral part of the complaint, the failure to attach it would have meant that the pleading itself was legally insufficient on its face" and thus subject to section 2—615 attack. The legislature did not intend such a result because it made the failure to attach the certificate and report an affirmative matter that would defeat the claim notwithstanding the sufficiently of the complaint in pleading a cause of action.

Thus, it is clear that the parameters of the plaintiff's medical malpractice complaint must be judged by the allegations set forth in the four corners of that pleading and cannot be expanded by statements made in a health professional's report which was prepared and submitted solely in order to satisfy the statutory requirement of certifying the meritoriousness of plaintiff's cause of action. The certification was not intended to plead the elements of plaintiff's claim.[3]

---

[3]Our conclusion that the section 2—622 certificate and health professional report were not incorporated into the amended complaint for purposes of determining what issues were raised for trial makes it unnecessary to address defendant's alternate argument that if the amended complaint included the section 2—622 documents it was nevertheless barred by the applicable statute of limitations because it was filed more than two years after Betty's death and would not relate back to the original complaint. We also make no comment on the propriety of the court's denial of leave to the plaintiff to file a fourth amended complaint to include allegations against defendant relating to his pre-July 30, 1991, treatment of Betty since this issue was not raised or discussed by the plaintiff on appeal.

For the foregoing reasons, we affirm the trial court's grant of the defendant's motion *in limine* barring evidence of the defendant's actions prior to July 30, 1991, the earliest date pled in the plaintiff's complaint.

Judgment affirmed.

COUSINS, P.J., and McNULTY, J., concur.