2024 IL App (1st) 231180-U

Fourth Division
Filed May 16, 2024

No. 1-23-1180

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| ESTATE OF JACQUELINE BULCZAK, ) | |
|     Plaintiff-Appellant, ) | Appeal from the |
| ) | Circuit Court of Cook County |
|   v. ) | |
| ) | No. 2021 L 063043 |
| ALDEN POPLAR CREEK REHABILITATION AND ) | |
| HEALTHCARE CENTER, INC., THE ALDEN NETWORK, ) | The Honorable |
| and DOES 1-99, ) | Martin S. Agran, |
|     Defendants ) | Judge, presiding. |
| (Alden Poplar Creek Rehabilitation and Healthcare Center, ) | |
| Inc., and The Alden Network, Defendants-Appellees). ) | |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Notwithstanding the date recited in supporting exhibits, the complaint should not have been dismissed as untimely when its allegation that the injury occurred on a later date, taken as true, established that the suit was commenced within the limitations period.

¶ 2    The Estate of Jacqueline M. Bulczak appeals the trial court's judgment dismissing its complaint against Alden Poplar Creek Rehabilitation and Healthcare Center and Alden Management Services (named in the complaint as The Alden Network) as barred by the statute of limitations. Because we agree that the original complaint was not untimely on its face, we reverse and remand for further proceedings.

¶ 3                                    I.  BACKGROUND

¶ 4      According to the operative complaint, in May 2019, Bulczak underwent surgery to repair a hip fracture. As part of the procedure, her doctor fixed the bone in place with a rod. After her surgery, Bulczak was admitted to Alden Poplar Creek for inpatient rehabilitation, including physical therapy. A fall during a physical-therapy session caused the rod to come out of place, requiring her to undergo a second surgery with a higher risk of complications. By August 2019, she had developed an infection at the surgical site, which not only required additional surgeries but left her unable to walk for the rest of her life.

¶ 5      Bulczak, acting *pro se*, filed a complaint against Alden Poplar Creek on May 25, 2021, seeking roughly $2.5 million in damages arising from fall, which she alleged had been caused by the negligence of the facility and its employees or agents, including the physical therapist. In September 2021, she filed an amended complaint naming Alden Management Services as an additional defendant. After Bulczak died in April 2022, the trial court allowed her estate to substitute in as plaintiff. The Estate was represented thereafter by Bulczak's widower and the executor, California attorney Louis A. Rafti. Through Rafti, in December 2022, the Estate filed a second amended complaint, which is the operative pleading in this appeal. All three complaints alleged that the fall took place on May 25, 2019.

¶ 6      Several exhibits were attached to the second amended complaint (which, for simplicity's sake, we refer to as the complaint going forward). Three are relevant to this appeal. The first one is an August 1, 2021 letter from Buczak and Rafti to an Oregon doctor soliciting his opinion as to whether there was reasonable cause for filing a medical-malpractice suit. The letter stated that the fall had taken place on May 23, 2019. The second is that opinion, which the doctor qualified, "I have no direct knowledge of the incident occurring on May 23, 2019." The third is a report and recommendation authored by an administrative law judge for the Department of Public Health, which records that Rafti testified at the administrative hearing that the fall happened on May 23, 2019.

¶ 7    Both defendants moved to dismiss the complaint on limitations grounds, albeit for different reasons. Alden Poplar Creek's motion to dismiss asserted that, although the complaint alleged that the injury occurred on May 25, 2019, the exhibits to the complaint recited May 23, 2019, as the date of injury. It contended that the exhibits should control over the allegations, which would mean that the limitations period ended on May 23, 2021—two days before Bulczak originally filed suit against it.[1] Alden Management Services, by contrast, argued that the claims against it were time-barred even if the injury occurred on May 25, 2019, because it was not named as a defendant until September 2021, well after the limitations period had run. The Estate filed an opposition to both motions.

¶ 8    The Estate's opposition to Alden Poplar Creek's motion to dismiss first argued that the claims were not time-barred because, per the allegations of the complaint, the injury had occurred on May 25, 2019, not May 23. In support, it quoted from an opposition that Bulczak filed to a similar motion before her death in which she asserted that the date of the injury had to be May 25 because it was a Saturday:

> "On May 25, 2019, I was accompanied by my husband to the physical therapy session at Alden Poplar. I remember this because it was a Saturday, and that was the only day Lou was able to be there, because he normally had to work on weekdays."

The opposition asserted that the May 23 date recited in the exhibits was merely an error that Rafti made. In an affidavit attached to the opposition Rafti averred that, when he filed a complaint with the Department of Public Health on Bulczak's behalf, he "incorrectly stated that the date of [the] fall and injury was May 23, 2019." He further averred that he "now believe[d] that the date of [the] injury at Alden Poplar was May 25, 2019." The opposition also argued that the Alden defendants' refusal to turn over records of Bulczak's physical-therapy session, which would have shown the

---

[1]    Alden Poplar Creek also argued that the complaint was formally defective.

exact date of the fall, amounted to fraudulent concealment, triggering an extended limitations period of five years. See 735 ILCS 5/13-215 (West 2018).

¶ 9 The Estate's opposition to Alden Management Services' motion argued that the claim against it was not time-barred because Bulczak had properly filed and served the original complaint against Alden Management Services under a fictitious name before the statute of limitations ran.

¶ 10 The trial court granted the motions and dismissed the case with prejudice. The court's original written order simply said that, "[f]or the reasons stated on the record," the case was dismissed "in its entirety" because "it was filed beyond the applicable statute of limitations period." The court later approved a bystander's report stating that it had found that the exhibits controlled and that the extended limitations period for fraudulent concealment did not apply. According to a "Corrected Ruling" entered on the same day the court approved the bystander's report, the court granted both defendants' motions to dismiss for the same reason, which was that the exhibits to the complaint showed that the injury had occurred on May 23, 2019, making the original complaint untimely. The corrected ruling appeared to accept the argument that the original complaint had properly sued Alden Management Services under a fictitious name.[2] It made no mention of the Estate's fraudulent-concealment argument.

---

[2] The corrected ruling stated as follows:

> "Plaintiffs Response in Opposition to the §2-619(a)(5) Motion to Dismiss and Defendant's Reply primarily revolve around the interpretation of the *Bogseth* case [*Bogseth v. Emanuel*, 166 Ill. 2d 507 (1995)]. I agree with Defendant's [*sic*] reading of that case as an actual Defendant, Alden Poplar Creek Rehabilitation and Healthcare Center, Inc., was named along with the fictitious Does 1 through 99. However that does not overcome the fact that the original case was filed beyond the applicable Statute of Limitations."

Based on the context, it appears that "Defendant's reading of that case" is a scrivener's error and the court actually agreed with the Estate's argument that the date the original complaint was filed was controlling for limitations purposes, which is why it went on to explain why the original complaint was untimely.

¶ 11                                    II.  ANALYSIS

¶ 12     On appeal, the Estate challenges the dismissal of the complaint as barred by the statute of limitations. It contends that that the trial court erred when it found that the exhibits reciting May 23, 2019, as the date of the alleged injury controlled over the complaint's allegation that the injury occurred on May 25, 2019, rendering the original complaint untimely by two days. Our review is *de novo*. *O'Toole v. Chicago Zoological Society*, 2015 IL 118254, ¶ 16.

¶ 13     We begin by clarifying the procedural posture. Although both Alden Poplar Creek and Alden Management Services filed motions to dismiss based on the statute of limitations, the two motions were legally distinct and sought dismissal for different reasons. Alden Poplar Creek's motion relied on the exhibits to the complaint, while Alden Management Services' motion relied on the fact that it was not named as a defendant until September 2021, which was after the limitations period expired. Based on the trial court's corrected ruling, it appears that, although the trial court granted both motions to dismiss, the grounds for dismissal were those given in Alden Poplar Creek's motion to dismiss, not Alden Management Services' motion. It is not clear whether Alden Management Services adopted Alden Poplar Creek's motion or the trial court acted *sua sponte* when it considered the arguments in Alden Poplar Creek's motion when granting Alden Management Services' motion to dismiss, but either way, there is no indication that either party objected. We therefore assume that the trial court properly treated Alden Poplar Creek's motion to dismiss as having been filed or adopted by Alden Management Services.

¶ 14     Alden Poplar Creek moved to dismiss under section 2-615 of the Code of Civil Procedure. See 735 ILCS 5/2-615 (West 2022). A section 2-615 motion "challenges the legal sufficiency of a complaint based on certain defects or defenses apparent on the face of the complaint." *Walworth Investments-LG, LLC v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 39. Ordinarily, a limitations defense would be raised in a section 2-619 motion for involuntary dismissal, which expressly authorizes dismissal on the defendant's motion when "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2022); see *Cangemi v. Advocate South Suburban Hospital*, 364 Ill. App. 3d 446, 456 (2006). But "where it appears from the face of the complaint that the

statute of limitations has run," a motion to dismiss on limitations grounds can be properly raised in a section 2-615 motion to dismiss a legally insufficient pleading. *Cangemi*, 364 Ill. App. 3d at 456. This is one such case. Alden Poplar Creek's motion to dismiss was premised on the date of the alleged injury recited in the complaint's exhibits, which are deemed part of the complaint. *El Rincon Supportive Services Organization v. First Nonprofit Mutual Insurance Co.*, 346 Ill. App. 3d 96, 100 (2004) ("The pleadings of a case include the exhibits attached to a complaint."). We therefore examine whether the face of the complaint itself demonstrates that the Estate's claims are untimely. Regardless, a motion to dismiss under either section 2-615 or section 2-619 "admits as true all well-pleaded facts and all reasonable inferences from those facts." *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24. When ruling on either type of motion, "a court must construe the pleadings and supporting documents in the light most favorable to the nonmoving party." *Id.*

¶ 15    In dismissing the Estate's complaint as untimely, the trial court relied on *Gagnon v. Schickel*, 2012 IL App (1st) 120645, for the proposition that, "[w]here an exhibit contradicts the allegations in a complaint, the exhibit controls." *Id.* ¶ 18. Although the rule is often stated without qualification, including in *Gagnon*, it is not actually so broad as this formulation suggests. It applies only to written instruments that are required to be attached as exhibits to a pleading that raises "a claim or defense" that "is founded upon" that instrument. 735 ILCS 5/2-606 (West 2022); see *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 431-32 (2004) (citing *Garrison v. Choh*, 308 Ill. App. 3d 48, 53 (1999)). "When an exhibit is not an instrument upon which the claim or defense is founded, but is instead merely evidence supporting the pleader's allegations, the rule that the exhibit controls over conflicting averments in the pleading is not applicable." *DeHart v. DeHart*, 2013 IL 114137, ¶ 24 n.1 (citing *Bajwa*, 208 Ill. 2d at 432). Put more succinctly, only "operative legal documents attached as exhibits control over inconsistent descriptions of them." 3 Richard A. Michael, Illinois Practice, Civil Procedure Before Trial § 27:4 (Dec. 2023 update).

¶ 16    The action in this case is one for negligence. The Estate's claims do not arise under a written instrument such as a contract. See *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 580 (2011)

(quoting *Garrison*, 308 Ill. App. 3d at 53) ("A claim is founded on an instrument only if the claim is 'based on' the instrument or only if the plaintiff is 'suing upon' the instrument."). The exhibits to the complaint are merely evidence supporting the Estate's allegations. Hence, although three of those exhibits recite May 23, 2019, as the date of the injury, they do not control over the complaint's allegation that the injury occurred on May 25, 2019. We agree with the Estate that, for the purpose of a motion to dismiss on the pleadings, the complaint's allegation should have been taken as true.

¶ 17    Taking as true the allegation that the injury occurred on May 25, 2019, the original complaint, which was filed exactly two years later on May 25, 2021, was not untimely under the applicable limitations period for personal injuries. See 735 ILCS 5/13-202 (West 2018). Because the complaint was not untimely on its face, it should not have been dismissed based on the pleadings alone.

¶ 18    That analysis is dispositive as to Alden Poplar Creek, but not necessarily as to Alden Management Services. A reviewing court may affirm on any proper basis disclosed by the record. *People ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL 126927, ¶ 24. In the trial court, Alden Management Services moved to dismiss on the ground that whether the limitations period ended on May 23 or May 25, 2021, made no difference because it was not named as a defendant until the first amended complaint was filed in September 2021. The joint appellees' brief urges us to affirm the trial court's judgment with respect to Alden Management Services on that basis. We decline to do so. The trial court specifically rejected Alden Management Services' position that the first amended complaint did not relate back to the date the original complaint was filed. Maybe that was wrong, but Alden Management Services does not even try to explain why. Our authority to affirm on any basis disclosed by the record is a discretionary one. See *Bush v. Graphic Color Corp.*, 169 Ill. 2d 325, 348 (1996) (stating that the court had "power and discretion" to affirm on a basis not relied on by the trial court). Given that neither party has briefed the question, we decline to consider it in this appeal. Should the issue arise again on remand, we express no view on how the trial court should resolve it.

¶ 19    For the reasons given, we hold that the trial court erred when it found that, for the purpose of resolving a motion to dismiss that relied strictly on the pleadings, the date of the alleged injury recited in exhibits supporting the complaint controlled over the date alleged in the complaint itself. We therefore reverse and remand for further proceedings.

¶ 20                              CONCLUSION

¶ 21    Because the complaint alleged that the injury occurred within the relevant limitations period, the trial court erred by dismissing the Estate's second amended complaint as barred by the statute of limitations. The trial court's judgment is reversed, and the cause is remanded for further proceedings.

¶ 22    Reversed and remanded.